Williams, Judge,
delivered the opinion of the court:
This is a suit to recover damages for injury to real estate due to waste alleged to have been committed by the defendant under a written lease made and executed by the parties December 13, 1917.
• The plaintiff, for a consideration of $6,666 rental per month, leased to, thé defendant for one year from January 21, 1918, with an option to the defendant to renew said lease annually so long as the needs of the public might require, four acres of land, the same being a part of a 22-acre tract located in Staten Island, New York.
The premises were leased by the defendant for the purpose •of erecting and operating thereon a clearing hospital for soldiers of the World War. Hospital buildings were constructed thereon and the premises were used by the defendant in the manner stated in the court’s findings of fact, and were returned to the plaintiff some time after May 26, 1922.
There are no express stipulations in the lease requiring the defendant to return the premises at the termination of *149 its lease to the plaintiff in as good condition as when received, ordinary wear and tear excepted. It is not necessary that such a provision be incorporated in the lease in precise terms to make the defendant liable for damages resulting from a want of reasonable care in the use of the property. There is an implied covenant in every lease that the tenant will surrender the premises at the end of the term in as good condition as they were at the commencement of the lease, reasonable wear and tear and damages by the elements excepted.
In United States v. Bostwick, 94 U. S. 53, the court said:
“ But in every lease there is, unless excluded by the operation of some express covenant or agreement, an implied obligation on the part of the lessee to so use the property as not unnecessarily to injure it, or, as it is stated by Mr. Comyn, £ to treat the premises demised in such manner that no injury be done to the inheritance, but that the estate may revert to the lessor undeteriorated by the willful or negligent conduct of the lessee.’ Com. Land & Ten. 188. This implied obligation is part of the contract itself, as much so as if incorporated into it by express language. It results from the relation of landlord and tenant between the parties which the contract creates. Holford v. Dunnett, 7 M. & W. 352.
% # ‡ #
“As has been seen, that does' not bind the United States to make good any loss which necessarily results from the uses of the property, but only such as results from the want of reasonable.care in the use. It binds them not to commit waste, or suffer it to be committed.”
The defendant is not required to make good any loss which necessarily resulted from the use of the premises leased from the plaintiff, but is required to make good any loss or damage resulting from a want of reasonable care of the property in its use.
This obligation rests on the defendant to the same extent, and in the same manner, as if such stipulation expressly appeared in the terms of the lease.
The plaintiff in its petition claims damages for loss occasioned by the cutting and removal of certain trees by the defendant. It appears the plaintiff knew and understood at the time of the execution of the lease that the use of the *150 premises by the defendant for hospital purposes would necessarily require the removal of a part or all of the trees. Having had notice of the use the defendant would make of the premises, and that such use would result in the cutting and removal of the trees, the plaintiff if it expected compensation for such trees as might be removed, or their restoration at the termination of the lease, should have insisted upon such a covenant in the lease. The removal of the trees was a necessary act on the part of the defendant for the proper utilization of the premises for the purposes for which they were leased, and was not a voluntary waste resulting from the want of the exercise of reasonable care in the use of the premises.
The removal of the wire fence surrounding the premises, the removal of monuments marking the boundaries of the premises, the disfiguration of the surface of the premises by extensive excavations and cuts, rendering such premises unfit for use, the removal of the top soil from a part of the premises, and leaving the top soil, not disturbed by building or excavation operations, embedded with pieces of concrete, wood lath, paper, joists, and various kinds of timber, tar paper and other roofing material, galvanized iron, terra cotta, and other-materials, were acts of voluntary waste, for which the defendant is liable in damages under the implied covenant in the lease that it would at the termination of its lease return the plaintiff’s property in as good condition as when received, reasonable wear and tear, and damages by the elements excepted.
The findings show (Finding IX) that the amount of damages sustained by the plaintiff by reason of such waste amounted to $5,350.
The plaintiff is awarded judgment for that amount. It is so ordered.
LittletoN, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.