No. 29,363.

A. S. FARMER and J. E. HARDESTY, *Appellants*, v. THE GOLDEN RULE OIL COMPANY, *Appellee*.

(287 Pac. 706.)

Opinion filed June 7, 1930.

*W. B. Hess, R. F. Crick* and *M. C. Bucklin*, all of Pratt, for the appellants.

*W. A. Ayres, Austin M. Cowan, C. A. McCorkle, J. D. Fair* and *W. A. Kahrs*, all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages to real estate resulting from removal of a service station. Plaintiffs were defeated, and appeal.

E. S. Gregory, owner of a lot in the city of Pratt, leased sixty feet of the east end of the lot to the Golden Rule Oil Company, for a gasoline, kerosene and lubricating oil service station. The lease was in writing, the term was for five years, and the rent was $20 per month, payable monthly, beginning July 1, 1919. The oil company erected and equipped a filling station on the lot, and placed Gregory in charge as agent, under a written contract signed the day the lease was signed. In September, 1920, plaintiffs purchased the lot, and received from Gregory a general warranty deed. Shortly before the lease expired the oil company commenced to remove the improvements. Work was halted by an injunction. The injunction was dissolved, and the oil company removed the improvements. Action for damages followed. The case was tried by the court, which made findings of fact and conclusions of law. Plaintiffs moved for modification of the findings of fact and conclusions of law. The motion was denied in part. A motion for new trial was filed, and denied.

The motion to modify the findings of fact related chiefly to details of evidence. Some of them the court may not have credited, and the others are not important. Findings 18 and 20 read as follows:

"18. The court finds that at the time said lease was made, and by the conduct of the parties thereafter, it was the intention that the Golden Rule Oil Company should remove its property at the expiration of its lease.

"20. That no negligence was proved as to method or manner of removal by defendant."

The motion asked that these findings be stricken out because they were not sustained by evidence. They were well sustained by evidence. Finding 18 was not a conclusion of law as the motion to strike asserted. Whether the conclusions of law should have been in favor of plaintiffs, as the motion asserted, will be considered later. Nothing more need be said about the motion to modify.

The motion for new trial is not abstracted, the grounds for the motion are not stated, and in strictness the only question before the court is whether the facts found warrant the conclusions of law.

The discussion of the proceedings will, however, take a little wider range.

The first cause of action stated in the petition was for damages for removal of the improvement, and not for damages occasioned by manner of removal. The lease was a comparatively short time lease. The improvement was installed by a tenant, for the purpose of trade. The nature of the improvement was such that it could be regarded as personal property. The lease contained a provision that the oil company would pay the taxes on improvements which it erected on the lot, and Gregory would pay the taxes on the land. This provision was necessarily based on recognition and acknowledgment of the fact that the oil company owned the improvement as personal property, which did not become part of the realty, and the taxes were paid accordingly. Gregory went into possession and operated the station under a written contract in which he agreed to take good care of the improvements of the oil company, and to give possession of the station. No specific agreement that the improvement should pass to the landowner at the end of the term was proved or found by the court. An inference that the oil company could not remove its property but would lose it at the end of the term, would deny a right inherent in ownership, and would be incompatible with the nature of the transactions between lessor and lessee. As between landlord and tenant, the law is extremely indulgent to the tenant with respect to removal of structures annexed for purposes of the tenancy. (*Wiggins Ferry Co. v. O. & M. Railway*, 142 U. S. 396.) There is good authority that, under circumstances less cogent than those disclosed by the findings of fact, the law would imply right of removal (11 R. C. L. 1083). In this instance the court's inference of fact, expressed in the 18th finding, that intention that the improvements should be removed was manifested, was well sustained by the evidence.

Plaintiffs knew of the lease and what it contained, and knew Gregory was operating the service station as agent for the oil company, when plaintiffs purchased. Plaintiffs made no inquiry of the oil company respecting its rights. Plaintiffs offered to prove that before they purchased Gregory told them the service station went with the land. The evidence was rejected. Gregory's statement was not within his authority as agent for the oil company, was a self-serving representation as vendor, and of course could not bind

the oil company. Under these circumstances plaintiffs were not purchasers without notice.

The result of the foregoing is, the district court's conclusion of law that plaintiffs could not recover was well sustained.

The court also denied recovery on the ground of former adjudication. The finding of fact and the conclusion of law relating to that subject follow:

"9. A short time before the expiration of the lease, the defendant started to tear down the station building, and plaintiffs filed a petition for an injunction to prevent the same, and in the absence of the judge of the district court of Pratt county, they obtained a temporary injunction from the probate judge of Pratt county. On the motion of the defendant to dissolve the injunction for the reason that defendants owned said property, made to the judge of the district court, a full hearing at chambers was had on the motion, and evidence was introduced by both parties concerning the intention of the parties at the time the lease was made as to right of removal, and the judge made an order dissolving the temporary injunction and granting the plaintiffs five days to appeal. The order dissolving the temporary injunction gave no reasons or grounds for the dissolution. No appeal was taken, and thereafter the injunction application was dismissed. The defendant thereupon proceeded to tear down the station building by taking off the canopy top as a whole and by breaking apart and removing the cement blocks, breaking up and destroying the cement walks and driveways, and hauling away the blocks and canopy top."

"1. The court concludes as a matter of law that the plaintiffs are estopped from recovering under their first cause of action, for the reason that the matters herein have been adjudicated in case No. 4640 in the district court of Pratt county, Kansas."

The sole contention of plaintiffs relating to former adjudication is that the subject of damages was not litigated and could not be litigated in the injunction suit, because no damage had been done. This contention does not go to the substance of the matter. The only practical difference between the two suits consisted in the nature of the relief sought. One was commenced to prevent what occurred, and the other was commenced for compensation for what occurred. The cause of action for relief by way of injunction was essentially identical with the cause of action for relief by way of damages. The determining question in each case was, Did the oil company have a right to remove the improvement? The specific issue was raised and tried in the injunction suit, and the general judgment for the oil company determined the issue adversely to plaintiffs.

A second cause of action pleaded in the petition related to damages to a structure partly on the leased premises, not belonging to

the oil company. Early in 1920 Gregory inclosed the service-station pumps in a brick pump house, an agreement was indorsed on the original lease that the oil company would pay additional rent for the pump house, and the oil company did so. While the oil company was removing one of its tanks, the east wall of the pump house subsided. The details of the evidence relating to the subject need not be recited. There was testimony that plaintiffs were notified before the work of removal commenced; that Hardesty was told to come down and protect his building; that both plaintiffs were present while the work was in progress; that neither of them made any suggestion concerning how the tanks should be removed; and that plaintiffs made no effort to protect the pump house. As indicated, the court found the oil company was not negligent with respect to method or manner of removal.

The oil company had the right to remove the tanks. Removal was a lawful act, and no liability could result from performance of the act according to proper method and in a careful manner. If proper removal should occasion some unpreventable injury to the land or some structure upon it, the injury would not give rise to a cause of action for damages. If proper removal might occasion some preventable injury, the choice lay with plaintiffs, after notice to them, whether they would take the risk or adopt preventive measures. The oil company's duty did not extend beyond adoption of proper method and execution of the work in proper manner, and plaintiffs may not recover damages for what they might have prevented.

Plaintiffs do not dispute general soundness of the principles of law just stated. Plaintiffs merely contend the pump house was constructed in such a manner as to effect conversion of the tanks, and the oil company was bound to abandon them and sue in trover. The court found plaintiffs had notice of the removal of the tanks from under the pump house, and that, although they were cognizant of what was being done, they made no effort to brace, or shore up, or otherwise protect their own building. There is no finding that it was not practicable to remove the tanks, or that it was not practicable for plaintiffs to prevent the injury which occurred by simple protective measures. The oil company was not at fault, and this court is not authorized to dictate to the oil company that it should not have removed its tanks, but should have marketed them to Gregory.

The judgment of the district court is affirmed.