FOX et al. v. CITIES SERVICE OIL CO.

No. 33175.   Oct. 19, 1948.

Rehearing Denied Nov. 30, 1948.

*200 P. 2d 398.*

18

Herman Merson, of Oklahoma City, for plaintiffs in error.

Hayes McCoy and Lonnie L. Corn, both of Bartlesville, for defendant in error.

LUTTRELL, J. This is an action by plaintiffs, A. B. Fox and Ethel Fox, against the defendant, Cities Service Oil Company, for damages to a tract of land of approximately 39 acres in Oklahoma county. The trial court sustained a general demurrer to the third amended petition filed by plaintiffs, plaintiffs elected to stand on the petition, and thereupon the trial court dismissed their action. Plaintiffs appeal.

The third amended petition alleged the ownership of the land by plaintiffs; a surface lease thereof to Indian Territory Illuminating Oil Company dated January 23, 1930, and a similar lease between the plaintiffs and said company on May 14, 1940, which was thereafter assigned to defendant. It alleged that after the execution of the first lease the lessee entered into possession of the property and constructed various buildings thereon, and used the same for the purpose of a gas lift; that it also constructed dikes, ditches, dams and fences which were not in any way connected with the gas lift plant, and otherwise used the premises until the termination of the first lease; that they then entered into the second lease and the lessee remained in possession; that the second lease was assigned to defendant which vested defendant with all the rights of the lessee therein; that defendant paid rentals on said lease at the rate of $400 per year, and released said lease on November 30, 1944, after removing the buildings and other structures erected thereon from the leased premises.

The petition alleges that upon the removal of the buildings and improvements which had been erected on the land by the lessees, they left upon the property 20 large concrete abutments and concrete foundations and seven large slabs of concrete from all of which buildings, structures and machinery had been removed, portions of fence posts that had been cut off, fences, ditches and holes, embankments, dikes and dams used in connection with the gas lift plant, and garbage pits, large holes, dikes and dams which were not a part of the gas lift plant and not used in connection with the plant op-

erations. It alleged that there was an implied covenant that defendant would care for the leased land so as not to damage or injure it, and that at the termination of the lease defendant would return said property to plaintiffs in the same condition as it was prior to the occupancy and use thereof by defendant, which implied covenant had been breached to the damage and injury of plaintiffs.

Both the first and second leases are attached as exhibits to the petition, and their terms appeal to be identical. Each contained the following provisions:

"It is understood and agreed that lessee may use said premises for any lawful purpose, including, but not thereby excluding, other lawful uses whether of a like or a different kind, the right to take water from streams flowing through or adjacent to said land; to construct ponds and dams for the impounding of water, and to dispose of the water so impounded; to construct, maintain and operate tanks for the storage of water, oil and/or other substances whether produced on said premises or on other lands, and whether belonging to lessee or others; the right to construct, maintain and operate buildings, railways, pipe lines compressor stations and other structures and/or fixtures, together with the right to construct and maintain all such grades, cuts, fire-guards and/or other structures as may be necessary and/or proper in connection with any of the foregoing."

Each lease carried the right to assign and the right to surrender, and each expressly provided:

"It is understood and agreed that lessee may at any time before the expiration of this lease, or within a reasonable time thereafter, remove from said premises any and/or all such tanks, pipe lines, buildings and other structures and fixtures as it may have placed thereon."

Neither of said leases contained any provision requiring the lessee to restore the property to its former condition upon the expiration of the lease, nor was there any covenant to repair or to leave the land in the same condition as when received, ordinary and usual wear and tear excepted.

As we view the case the sole question for determination is whether upon the termination of its lease and the removal of buildings and machinery therefrom by defendant it was required to restore the premises to their original condition. Plaintiffs insist that such liability rests upon defendant because of a covenant implied into the leases. Defendant contends that from the averments of the petition it is clear that the damages complained of were necessarily produced by its use of the land, and the removal of its property from the premises, and that in such case, in the absence of express covenants, it is liable only for negligent or unnecessary damages to plaintiff's property.

As above set forth the lease authorized lessee, among other things, to construct ponds and dams for the impounding of water, the right to construct and maintain grades, fire guards, or other structures as was necessary or proper in connection with its use of the premises. The parties, by the terms of the lease, contemplated definite changes in the topography of the land by lessee's use thereof. They inserted in the lease a provision as to the rights or duties of lessee upon its termination, that above quoted. An express contract upon a given subject, excludes the possibility of an implied contract of a different or contradictory nature. George E. Brimmer v. Union Oil Co. of California, 81 F. 2d 437; 105 A. L. R. 454; 21 C. J. S. p. 892, §14; 14 Am. Jur. p. 490, §14.

Plaintiffs, in support of their contention, cite Mount Manresa v. United States. 70 Ct. Cl. 144; United States v. Bostwick, 94 U. S. 53, 24 L. Ed. 65. They also cite numerous cases such as Winans v. Valentine (Ore.) 54 P. 2d 106, in which the leases involved contained an express covenant that the lessee

would not commit or permit waste, and would return the possession of the property in as good condition as when received, or contained express covenants to restore the property to its former condition.

In the first two cases above cited it appears that there was no express provision for the restoration of the property, or that it be left in as good condition as when received, but in each of those cases the court held the lessee liable for negligent damages which were not necessary to the use of the property, or the removal of their property from the premises by the lessees, holding that the same amounted to waste. In each of said cases the court stated that the lessee would not be liable for damages which would necessarily result from the use of the property by the lessee, but in neither case did the court hold that the lessee was liable for damages necessarily inflicted upon the land by its use, or by the removal of the property of the lessees therefrom.

These cases follow the general rule stated in 36 C. J. p. 177, §828, as follows:

"The parties may specifically agree as to the ownership of improvements or the right to remove the same. So, by agreement, improvements may become the property of the landlord, either with or without compensation, upon such conditions as the parties stipulate. Where the tenant is given the right to make improvements and remove them during the term, the right to remove includes the right to do such damage to the freehold as such removal will naturally cause, and the tenant is liable only for such damages as are unnecessarily or wantonly caused by him."

See, also, 51 C. J. S. p. 1157, §408.

A case almost identical factually is Arkansas Fuel Oil Co. v. Connellee (Tex. Civ. App.) 39 S. W. 2d 99. In that case the Arkansas Fuel Oil Company leased a 25-acre tract of land for the erection and maintenance of a gasoline manufacturing plant. At the termination of this lease it removed the gasoline plant but left the land dug up in holes, covered with iron pipes, cement blocks, foundations and walks so that the land, according to the allegations of the petition, was worthless for any purpose. The trial court denied a request for peremptory instruction for defendant, and defendant appealed from a verdict and judgment against it. The court on appeal held that no duty to restore rested upon the lessee; that the provisions of the lease giving the lessee permission to remove its property from the premises imposed upon it no obligation to remove, and that if plaintiffs could not enforce the removal of all the buildings and structures they could not complain of only a partial removal where the defendant was guilty of no negligence in effecting such partial removal. After citing various authorities to the effect that the only damage for which the lessee was liable was damage negligently inflicted, the court said:

"Under these authorities we conclude that any damage resulting to the plaintiffs from the mere omission to remove all the structures placed upon said land, or for the removal of any of such structures, unaccompanied by negligence in the way and manner of doing so, would not be actionable. The statement of facts, as we read it, is devoid of any evidence whatever of such negligence, which forces us to the conclusion that the trial court should have as requested, given a peremptory instruction for the defendant."

This case was approved and followed in Gulf Oil Corp. v. Horton (Tex. Civ. App.) 143 S. W. 2d 132.

Other cases announcing a similar rule, although the factual situations in them are not so familiar to the instant case as in the Connellee case, are Farmer v. Golden Rule Oil Co. (Kan.) 287 P. 706; LeCroy v. Barney, 12 Fed. 2d 363; and Cawley v. Jean (Mass.) 105 N. E. 1007.

There is no allegation in the third amended petition of plaintiffs that the ditches, holes, dikes, dams, foundations and concrete slabs were negligently or unnecessarily placed upon the land by defendant or its predecessor lessee. The portion of the lease above quoted expressly authorized the use of the premises for any lawful purpose. The injury to the land of plaintiffs arose not so much from the removal of the property of defendant therefrom as from the use of such property for lawful purposes under the express terms of the lease. There is nothing in the grant of permission to remove its property which obligated the lessee to remove the foundations or concrete slabs which were necessary to the placing and operation of its building and machinery upon the land, or to fill up holes, tanks and ditches specified in the lease. The only obligation imposed upon the lessee in such case by any implied covenant to leave the land in good condition, or to restore it to its former condition, was the obligation not to unnecessarily or negligently injure the land of plaintiffs while using same for the purposes specified in the lease, or while removing its property from the leased land. There was no obligation, express or implied, to restore the land to its former condition, or to leave it in as good condition as it was when possession was first taken by the lessee.

Plaintiffs call attention to 60 O. S. 1941 §334, giving one who affixes his property to the land of another without an agreement permitting him to remove it, the right to remove such property if such removal may be effected without injury to the premises. Obviously that section is inapplicable. That section is the same as section 6749, R. L. 1910, and in Shelton v. Jones, 66 Okla. 83, 167 P. 458, the court said:

"The rules of law as to the character of property affixed to the land of another and the right to remove the same, laid down in section 6749, R. L. 1910, have no application where there is a special agreement between landlord and tenant as to the character of property affixed to the demised premises or as to the right of removal."

What we have said above disposes of the other contentions made by plaintiffs, which all stem from the theory that the right to remove its property from the land requires the restoration of the property to its original condition by the lessee. Holding as we do, that the obligation to restore or leave in good condition is not imposed upon the lessee under the terms of the leases, we consider it unnecessary to lengthen this opinion by disposing separately of each proposition advanced by plaintiffs.

HURST, C.J., and RILEY, BAYLESS, WELCH, CORN, GIBSON, and ARNOLD., JJ., concur.