**M. H. SHERMAN COMPANY, a corporation, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 15892.

United States Court of Appeals
Ninth Circuit.

Aug. 25, 1958.

Gust, Rosenfeld, Divelbess & Robinette, Frank E. Flynn, Phoenix, Ariz., for appellant.

Jack D. H. Hays, U. S. Atty., William A. Holohan, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before HEALY, HAMLEY, and HAMLIN, Circuit Judges.

HEALY, Circuit Judge.

Appellant was and is the owner of a tract of land in Arizona, a portion of which it leased to the respondent in May of 1943. The lease remained in effect until October of 1952. The instrument as originally proposed by the government was on a form provided by it, which form as printed contained a provision to the effect that the lessee "if required by the lessor, shall * * * restore the premises to the same conditions as that existing at the time of entering on the same. * * * " In the lease as signed, however, this provision was deleted by the parties and a provision designated "par. 12," reading as follows, was inserted:

> "A joint survey and inspection of the conditions of the within-described premises has been made and reveals the property to be unimproved desert land, on which there are no physical improvements, and the lessor agrees to the foregoing statement and hereby relieves the Government of any and all restoration responsibility resulting from the use of the subject lands by the Armed Forces."

During its possession the government used the land as a military post, constructing thereon buildings and other structures having concrete foundations. On the expiration of the lease it removed the buildings but did not remove or disturb the foundations. It is agreed that the cost of removal of the latter would amount to some $17,500.[1] This suit is for the recovery of damages for failure to remove the obstructions.

The suit as originally filed failed to allege a ground of federal jurisdiction, and the trial court dismissed the com-

1. Counsel for appellant informed us on oral argument that since the lease was granted the land has become very valuable.

plaint with leave to amend. As amended some three years after the termination of the lease it imported nothing new except as regards an allegation that the respondent "wrongfully and tortiously" refused to remove the foundations.

The trial court on hearing the matter made findings on the basis of which it concluded that the contract of lease specifically relieved the government of any duty to remove buildings or other structures from the premises, and that the plaintiff take nothing by its amended complaint. Judgment was accordingly entered for the government.

The court's disposition of the case was clearly correct, and its judgment is affirmed.

HAMLEY, Circuit Judge (concurring).

In addition to paragraph 12 of the lease, quoted in the opinion of the court, the lease contained a paragraph 8 which reads as follows:

"The Government shall have the right, during the existence of this lease, to make alterations, attach fixtures, and erect additions, structures, or signs, in or upon the premises hereby leased (provided such alterations, additions, structures, or signs shall not be detrimental to or inconsistent with the rights granted to other tenants on the property or in the building in which said premises are located); which fixtures, additions, or structures so placed in or upon or attached to the said premises shall be and remain the property of the Government and may be removed therefrom by the Government prior to the termination of this lease. * * *"

The nub of appellant's contention is that, under paragraph 8, the Government was authorized to remove all of a particular fixture, addition, or structure, including the concrete foundations thereof, but that it could not remove a part of any such fixture, addition, or structure, leaving portions which were unusable and expensive to remove. Ap-

pellant poses the question: "If the Appellee had removed the roof from each of the buildings, wouldn't the Court be justified in saying that it must pay for the removal of the remaining part?" Acknowledging that there was no express covenant to complete the removal of any structures, appellant argues that such a covenant is to be implied.

The lease in question gave the Government the right to remove improvements at the expiration of the lease, but not the duty to do so. There is no express covenant requiring the Government to restore the premises to the same condition as that existing at the beginning of the term. Under these circumstances, there is no implied covenant of the kind suggested by appellant. The Government is not liable for damage occasioned by reason of partial removal of improvements, unless there was negligence in accomplishing such removal.

The legal principle just stated finds support in a great many cases. See, for example, Duvanel v. Sinclair Refining Co., 170 Kan. 483, 227 P.2d 88, 23 A.L.R.2d 649; Fox v. Cities Service Oil Co., 201 Okl. 17, 200 P.2d 398; Arkansas Fuel Oil Co. v. Connellee, Tex.Civ.App., 39 S.W.2d 99. In each of the cited cases, the tenant removed improvements, leaving concrete foundations and blocks.

No negligence incident to the removal of the structures and the leaving of the concrete foundations was charged by appellant, or found by the court. The Government had good reason for removing the one and leaving the other. The structures could be used elsewhere and the foundations could not. The lack of reasonableness and the indications of wantonness, which are suggested by appellant's "horrible example" of removing just the roofs, is absent here.

Under the rule referred to above, the Government would be free of liability even in the absence of a covenant expressly relieving it of responsibility for restoring the premises. But here there is such a covenant—paragraph 12

of the lease. A covenant to restore could not possibly be implied in the face of this express covenant to the contrary. As stated in Brimmer v. Union Oil Co. of California, 10 Cir., 81 F.2d 437, 440, 105 A.L.R. 454, "an express covenant upon a given subject deliberately entered into without fraud or mutual mistake, excludes the possibility of an implied covenant of a different or contradictory nature."