RALPH B. GABLE, complainant-appellant,

*v.*

CLARA J. ENGLISH and CLARA J. ENGLISH, executrix of O. H. Adams, deceased, defendant-respondent.

[Submitted June term, 1921. Decided November 14th, 1921.]

1. Where a contract is sought to be established through the medium of letters between a prospective seller and a prospective buyer of real estate, it must clearly and unequivocally appear from the correspondence that the offer to sell, with the terms thereof, were unconditionally accepted, in order to constitute a valid contract enforceable by a bill for specific performance.

2. Where the vendor, in a letter to the purchaser, offered to sell him the land for a specified amount upon specifications, and thereafter gave the purchaser at his request an option to buy the land within a specified period, the purchaser's letters, written during such period, asking the vendor to send him for his inspection an agreement between the vendor and a third party concerning an alley, and stating that he will be ready at the appointed time to make a payment on the purchase of the land, but would, nevertheless, like to go over the agreement in question very carefully—*Held*, not the unqualified acceptance required to create a contract which may be specifically enforced.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming.

*Mr. Edwin F. Miller,* for the appellant.

*Mr. Lewis Starr,* for the respondent.

The opinion of the court was delivered by

KALISCH, J.

Where a contract is sought to be established through the medium of letters between a prospective seller and a prospective buyer of real property, it must clearly and unequivocally appear

from such correspondence that the offer to sell with the terms thereof were unconditionally accepted by the prospective purchaser, in order to constitute a valid contract which may be enforced by a bill for specific performance in a court of equity. *Potts* v. *Whitehead, 23 N. J. Eq. 512.; Runyon* v. *Wilkinson, Gaddis & Co., 57 N. J. Law 420; Empire Rubber Mfg. Co.* v. *Morris, 73 N. J. Law 602.*

In the present case the complainant filed a bill for specific performance in the court below, praying that the defendant be specifically decreed to convey to the complainant certain real property situate in the borough of Vineland. The basic fabric of the bill is composed of certain letters which passed between the parties to this controversy, the complainant insisting that such correspondence constituted a valid contract between himself and the defendant, obligating her to convey the property to him.

The learned vice-chancellor in an oral deliverance held that there was no unequivocal acceptance by complainant of the defendant's offer contained in her letter prior to the time that she withdrew such offer, and hence the bill was dismissed.

We think the result reached by the vice-chancellor was warranted by the proofs in the cause.

The only mooted question as presented to us by counsel of the respective litigants is, Was there an unqualified acceptance of the terms of sale by the complainant?

The solution of this query must be determined by the offer to sell, made by the defendant in her letter to complainant of January 30th, 1919, in which she states the offer to sell in these terms: "I will sell to you for $5,000, $1,000 cash, and the balance of $4,000 on a mortgage for three years at 5 per cent. If renewal is desired at the end of the three years, it will be at 6 per cent.;" and the final letter of July 22d, 1919, written to the defendant by complainant, which letter reads:

"I wish you would be good enough to send me, for inspection, the agreement between you and Mr. Tower concerning the alley between 542 and the post office building. I shall be ready at the appointed time to make payment on the purchase of 542 Landis avenue, but I should, nevertheless, like to go over the agreement in question very carefully."

Between the dates of the two letters above quoted, the complainant, on February 19th, 1919, wrote to defendant requesting an option on the property for four or five months in order to enable the former to sell a property which he owned, and also asked for information as to the amount of rent yielded by defendant's building. Five days later the defendant by letter furnished the complainant with the information requested and stated: "I am willing to give you an option on the building until August first [1919]; or, if you decide before this date, it will be agreeable to me." Thus, for a period of four months the complainant was afforded an opportunity to decide whether he would be willing to purchase the defendant's property on the terms contained in her offer to sell. If the complainant had come to the decision to purchase the property on the defendant's terms, his purpose could have been accomplished by writing "I accept your offer." This he did not do. His letter suggests a studied effort to prevent binding himself to take the property on the terms of the offer to sell. While it is true that he writes "I shall be ready at the appointed time to make a payment on the purchase of 542 Landis avenue," he precedes this statement by asking for inspection the agreement between the defendant and a Mr. Tower concerning the alley between 542 and the post office building, and follows the offer to make a payment by saying that, nevertheless, he should like to go over the agreement very carefully. It is difficult to comprehend of what avail it would have been to the complainant to go over the agreement very carefully, unless it was to ascertain whether there was any burden on the property, and if so to withhold his acceptance. Moreover, he does not say in his letter that he will be ready to pay at the appointed time $1,000 in cash, but that he will make a payment on the purchase of the property, which, obviously, is too indefinite a promise to permit us to say that both parties will be presumed to have understood that the payment of $1,000, neither more nor less, was intended. But even if such a presumption is fairly warranted, it falls short of an acceptance by the complainant of the defendant's terms of sale, as contained in her offer, for there is an utter absence in the complainant's letter of any assent by him to the terms of the defendant's offer, namely, to pay the sum of

$5,000 for the property, and to give defendant a purchase-money mortgage, in the sum of $4,000, at five per cent., payable in three years, and if a renewal is desired at the expiration of the three years, the complainant to pay six per cent. Now, as it was essential in order to establish the making of a contract between the parties that there would be proof of an unequivocal acceptance by the complainant of all the terms contained in the defendant's offer to sell, the failure of such proof could properly lead to no other result than a dismissal of the complainant's bill.

The decree is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK —14.