This is an appeal from a decree of the court of chancery, dismissing the bill of complaint, which was one to foreclose a certain mortgage dated January 18th, 1928, given to the complainant by the J.G. Corporation, one of the respondents, to secure the payment of $11,200. The property involved was subsequently conveyed by the J.G. Corporation to the respondent Jacob Gennet. The mortgage contained a clause providing that in case of default in any payment of interest, for thirty days after same became due and payable, the principal and all arrearages of interest, would, at the option of the mortgagee, his representatives or assigns, become and be due immediately thereafter, although the period limited for *Page 62 
the payment thereof may not then have expired. The bill alleges that on January 10th, 1927, one-half year's interest was due and payable, and remained unpaid for more than thirty days, and that complainant elected to have the whole amount of principal, as well as arrearages of interest, upon the bond and mortgage, become immediately due. The grounds for resisting the foreclosure, as set forth in the answer, are that the complainant and the respondent Jacob Gennet entered into an arrangement, on or about the time the bond and mortgage were executed, whereby all interest payments thereafter due on same, should be paid by check of the respondent, and mailed to the office of the complainant, at No. 69 Badger avenue, Newark, New Jersey, and that pursuant to this understanding, respondent paid the first installment of interest by check, mailing same to the complainant; and alleges that he also forwarded a check for the installment due on January 10th, 1929, prior to the expiration of the time for payment of same; and further alleges, that the envelopes containing said checks were never returned to him.
It appears from the testimony, on the part of the respondent, that on February 8th, 1929, which was within thirty days from the date when the second installment of interest became due, the respondent signed a check, payable to the order of the complainant for $336, and that his clerk enclosed the check in an envelope addressed to the complainant, and deposited same in a mail box on said date. The complainant denied ever having received the check, and it is admitted that same was never presented to the bank for payment. There was no testimony or proof of any character in respect to the averment contained in the answer, to the effect that the complainant and respondent had entered into a mutual agreement that the installments of interest should be paid by check, and forwarded by mail. The vice-chancellor dismissed the bill on the grounds that the mailing of the check to the complainant constituted payment.
The mailing of a check by a debtor for the amount of his indebtedness to the payee is not, in the absence of an expressed or implied agreement to that effect, a payment or discharge *Page 63 
of the debt; and the mere fact that a creditor accepts a check forwarded him by mail, in one instance, does not indicate that he desires all future payments to be made in that manner.
There is nothing in the record that would support a finding that the default in the payment of interest was contributed to in any way by the acts or declarations of the complainant.
The decree appealed from will be reversed.
For affirmance — None.
For reversal — THE CHIEF-JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.