JAMES A. LANZE, PLAINTIFF-RESPONDENT, v. JEANNE SHECHTMAN, DEFENDANT-APPELLANT.

Submitted October 7, 1947—Decided March 29, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiff-respondent, *Thomas A. Tinghino (Guy W. Calissi,* of counsel).

For the defendant-appellant, *Irving I. Rubin.*

The opinion of the court was delivered by

BURLING, J. This is an appeal from the judgment of the Passaic County Court of Common Pleas in favor of the plaintiff, after a jury trial. Ground one of the appeal is that the trial court erred in denying defendant-appellant's motion for a nonsuit.

The plaintiff was a broker and his place of business was in the City of New York. Suit was instituted to recover a

commission of 5% on the sum of $20,000 for allegedly securing a purchaser, Thomas Maragno, for the beauty salon business conducted by the defendant at 135 Main Street, in the City of Paterson, New Jersey. She was a lessee of the realty. The plaintiff submitted in evidence an unsigned alleged authorization from the defendant to sell upon the terms demanded by her which were generally a sales price of $20,000 in cash and the payment by the purchaser of the unpaid balance of $1,900 due upon air conditioning equipment in the premises.

The defendant admitted a conference with plaintiff's representative and that, although she refused to sell her business, she did name a price of $20,000 cash, plus the unpaid amount of $1,900 for the air conditioning installed in her place of business. She denied employment of the plaintiff or of any offer of purchaser to have been communicated to her. The plaintiff did not sell her business upon her terms and no deposit was ever tendered to her.

The testimony adduced by the plaintiff revealed that a prospect, the witness, Thomas Maragno, sent by the broker to the defendant's place of business, after one inspection, gave the broker on July 25th, 1946, a check for $100 to his order and signed a writing prepared by the broker, purporting to buy and setting forth terms of purchase at variance with the alleged authorization from the defendant to plaintiff. The check was not deposited by the plaintiff until about August 28th, 1946, which was after he was convinced that the defendant would not sell her business.

It is the established law of New Jersey that a broker who seeks to recover commissions must have produced a purchaser, able and willing to buy on the seller's terms, either as originally propounded or as settled by agreement between the seller and buyer. *Houston* v. *Siebert* (*Court of Errors and Appeals, 1942*), 129 *N. J. L.* 468 (at *p.* 472).

It is undisputed that the seller never entered into any agreement with the buyer upon her terms and that other terms were never settled between the seller and the buyer or the broker. She did not sell the business. Further that whatever discussion took place with regard to proposed sale and terms,

it referred to a sale for $20,000 cash and any buyer would have to pay off the balance due on the air conditioning equipment of $1,900.

Viewing the evidence in the most favorable light for the plaintiff, he produced a prospective purchaser who executed an agreement to purchase, the terms of which were $15,000 cash and a mortgage of $5,000 and no provision was made for the assumption of payment by him of the unpaid balance due upon the air conditioning unit. The terms of the mortgage had not been discussed by the purchaser with the broker or his agent so that at the conclusion of the plaintiff's case, the posture of the proofs showed the seller's unmodified terms of $20,000 cash, plus the unpaid balance on the air conditioning unit of $1,900 and on the other hand at best an offer to purchaser for $15,000 cash and a $5,000 mortgage, the terms of payment of which were never stated.

Under such circumstances such an action on the part of the broker or his customer constituted only a counter-offer which was not accepted by the seller and it gave no right to any claim for commission.

The deficiencies of the plaintiff's case were not supplied during the course of the defendant's case or during the rebuttal thereto. The motion for a nonsuit should have been granted.

This makes it unnecessary to consider the remaining grounds of appeal which related to adverse rulings to the defendant upon evidence, exception to a portion of the charge and refusal to charge a request presented by the defendant.

The judgment is reversed.