This action was brought to recover a brokerage commission under an exclusive agency contract. A motion to dismiss the action, made at the trial, was granted and from the judgment entered pursuant thereto the plaintiff has appealed.
The contract authorized the plaintiff to sell the property for $17,000 and provided that it should receive a commission of 5% of the selling price. The plaintiff delivered to the defendant a $500 cash deposit and a writing, signed by E. Stuart Campbell and Emmet T. White, Jr., as purchasers, which provided:
"* * * hereby agrees to purchase the premises described below, at price and terms hereinafter stated, and to be bound by this offer immediately upon its acceptance by the owner.
"Description: 47 Myrtle Avenue, Irvington, N.J.
"Purchase Price ................................................. $17,000
 Deposit acknowledged, subject to owners
 acceptance ...................................... $500.00
 Cash to be paid .............................. 19__ 2,500.00
 Cash on delivery of deed free and clear of all
 encumbrances except as hereinafter stated ....... $ ____
 GI Mortgage @ 4% interest to be obtained .......... 14,000.00
 Other Financing ................................... $ ____
 Total Purchase Price ...................................... $17,000"

The defendant refused to accept the $500 cash deposit and the written agreement and returned them to the plaintiff's agent. There is no evidence that the defendant made or agreed to make any change in the terms of sale set forth in the exclusive contract.
The right of a broker to commission is complete when he has procured a purchaser able and willing to conclude *Page 405 
a bargain on the terms on which the broker was authorized to sell. Fiest Fiest, Inc., v. Taub, 105 N.J.L. 237 (E. A.
1928). The plaintiff argues that the tendered agreement constituted an acceptance of the defendant's terms of sale, but we find no merit in this contention. The tendered agreement was not an agreement to purchase for $17,000 but a conditional agreement under which the purchasers agreed to purchase for $17,000 if they obtained a GI mortgage in the amount of $14,000, at a 4% interest rate. This constituted not an acceptance but a counteroffer, which the defendant was not obliged to accept and which she refused to accept. A reply to an offer, although purporting to accept it, which adds qualifications or requires performance of conditions, is not an acceptance but is a counteroffer. Restatement, Contracts, § 60, 1 Williston,Contracts, § 77. The so-called acceptance provides: "* * * agrees to purchase the premises described below, at price and terms hereinafter stated, and to be bound by this offer immediately upon its acceptance by the owner.", which indicates that the purchasers and the broker recognized the writing to be a counteroffer rather than an acceptance.
Since the broker did not produce a purchaser able and willing to conclude the bargain on the terms on which the broker was authorized to sell, the dismissal of the action was proper. Cf.Lanze v. Shechtman, 137 N.J.L. 63 (Sup. Ct. 1948).
The judgment under appeal is affirmed. *Page 406