ELI deVRIES, INDIVIDUALLY AND TRADING AS E. deVRIES COMPANY, PLAINTIFF-APPELLANT, v. THE EVENING JOURNAL ASSOCIATION, A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued February 18, 1952—Decided March 17, 1952.

118

*Mr. Allan L. Tumarkin* argued the cause for the appellant.

*Mr. Howard Engel* argued the cause for the respondent (*Messrs. Lichtenstein & Engel,* attorneys).

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal from a judgment of the Superior Court, Law Division, in a contract action which was tried by the court without a jury by stipulation. After hearing the evidence the trial judge rendered a verdict of "no cause of action" and judgment was entered thereon in favor of the defendant. The plaintiff appealed to the Appellate Division and before being reached for argument there the cause was certified here on our own motion.

The appeal presents two questions for solution: the first is essentially a factual one as to whether or not a valid binding contract was entered into between the parties; the second is—did the trial court err in denying plaintiff's counsel the right of summation?

The complaint seeks damages for the anticipatory breach of an alleged oral contract made between the parties on May 5, 1948, for the purchase of newsprint to be delivered in the future, it being claimed that the oral contract was confirmed by the plaintiff on the following day. Immediately on receipt of the letter of confirmation the defendant, on May 7, advised plaintiff it had not agreed to accept delivery on the terms mentioned therein, that of billing it on a basis of gross weight for net weight. Plaintiff's source of supply in Holland steadfastly refused the net weight type of billing but plaintiff later agreed to reimburse the defendant for the difference. While the question of gross for net billing was still open the plaintiff kept seeking and asking the defendant for the "specifications" for the paper. This went on for several months, the negotiations between the parties being open for further agreement, and were never furnished or agreed upon. The necessity for such an agreement is amply evidenced by the cabled requests for the specifications sent from Holland to the defendant, by letters, and by the fact that the newsprint was never completed or shipped.

██ It is fundamental that the essential element to the valid consummation of a contract is a meeting of the minds of the contracting parties and that until there is such a

meeting of the minds either party may withdraw and end all negotiations. *Water Commissioners of Jersey City v. Brown*, 32 *N. J. L.* 504 (*E. & A.* 1866); *Wilson v. Windolph*, 103 *N. J. Eq.* 275 (*E. & A.* 1928); *P. Ballantine & Sons v. Gulka*, 117 *N. J. L.* 84 (*Sup. Ct.* 1936). "So long as negotiations are pending over matters relating to the contract, and which the parties regard as material to it, and until they are settled and their minds meet upon them, it is not a contract, although as to some matters they may be agreed," *Tansey v. Suckoneck*, 98 *N. J. Eq.* 669, 671 (*E. & A.* 1925). If the defendant had furnished specifications which the plaintiff could not meet at the price fixed surely the plaintiff would not be answerable for any breach of the contract.

██ There was a sharp conflict in the testimony presented and the trial court had the opportunity and advantage of observing the witnesses and was in a position to evaluate their credibility to a greater extent than can an appellate tribunal. His findings of fact are entitled to great weight. The credibility of witnesses is an important consideration in the determination of factual issues. *Gellert v. Livingston*, 5 *N. J.* 65, 78 (1950). While an appellate court is not bound by a finding of fact made by the trial court it is required to give due regard to the opportunity of that court to observe the demeanor of a witness and to judge of his credibility. *In re Perrone*, 5 *N. J.* 514, 523 (1950).

██ We are convinced there was ample evidence to support the holding below that no contract existed between the parties.

The point briefed and argued that the plaintiff was denied his right of summation merits little consideration under the facts exhibited.

After the completion of testimony the trial court reserved decision and directed counsel to submit briefs, advising them that oral argument would be permitted following the submission of briefs, if necessary or desirable, at such time as might be suitable. Later plaintiff's counsel by letter stated to the court that he requested permission to file a

reply brief or in the alternative that he be permitted to argue the matter orally to which the court replied that due to the pressure of time the matter could not be argued orally but ·that counsel might file a reply brief.

▮ It will thus be observed that plaintiff asked for oral argument only in the alternative, *i. e.*, in lieu of the opportunity to file a reply brief. He was given this opportunity and did so. No complaint that opportunity was not given to argue orally was made below and no objection made to the course taken. It is only on appeal that for the first time plaintiff complains that he was denied the right of summation. *Cf. Roberts Elec., Inc., v. Foundations & Excavations, Inc., 5 N. J. 426* (1950). Whatever rights plaintiff's counsel had were expressly waived by him.

Having reached the aforesaid conclusions we are not called upon to decide the defendant's point that the action was barred by the statute of frauds, there not being a sufficient memorandum in writing to meet the requirements of that statute.

The judgment is affirmed.

*For affirmance*—Justices HEHER, OLIPHANT and WACHEN-FELD—3.

*For reversal*—Chief Justice VANDERBILT and Justice BURLING—2.