In re MARCALUS MFG. CO., Inc.
No. 222–49.

United States District Court
D. New Jersey.

May 5, 1954.

Charles Danzig, Newark, N. J., for Paul L. Troast, Trustee.

O'Mara, Schumann, Davis & Lynch, Jersey City, N. J. (by Frederic W. Schumann), for debtor.

Spingarn & Sachs, Union City, N. J. (by John G. Crowe, New York City), for claimant.

SMITH, District Judge.

This matter is before the Court on a petition for review filed herein by the Mills Paper Company, hereinafter identified as the creditor, pursuant to Section 39, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c. The petition alleges that the creditor is aggrieved by an order, heretofore entered by the referee in Bankruptcy, under the terms of which its claim for damages was expunged. The petition for review was not filed within time, but we have nevertheless considered the matter on its merits.

The creditor filed with the trustee a claim for damages which was predicated upon an alleged breach of a contract for the sale of paper. The trustee objected to the claim and the matter was referred to the referee in Bankruptcy for hearing and determination. The objections were sustained and the claim for damages was expunged.

It appears from the record before the Court that on October 26, 1946 the creditor initiated negotiations which had for their object the purchase of paper from the debtor. The creditor submitted to the debtor a written offer (Exhibit A annexed to the Stipulation of Facts) to purchase paper under the terms and conditions therein outlined. This offer was accompanied by a Purchase Order (Exhibit A–1 annexed to the Stipulation of Facts) which contained terms and conditions consistent with those in the written offer. This offer was unequivocally rejected by the debtor by letter dated October 28, 1946, (Exhibit B annexed to the Stipulation of Facts) which contained a counter-offer. The creditor here relies upon the correspondence which passed between it and the debtor on and after the said date.

The letter of October 28, 1946, supra, read as follows: "We are returning herewith your order No. 3112 and we offer you 500 tons, for delivery in November and December, special book paper with proper water lined and not water lined mark. The full trim of the machine, namely 120″, at 7½¢ per lb.,

*at terms of one-third cash deposit with order or $25,000."* (Emphasis by the Court). This was clearly an offer to sell the paper of the type described under specific terms and conditions, to wit, the prepayment of a cash deposit and the payment of the balance on delivery. The latter condition, not stated in the offer, is derived from Section 42 of the Uniform Sales Act, N.J.S.A. 46:30–48, which provides: "Unless otherwise agreed, delivery of the goods and payment of the price are concurrent conditions".

Thereafter, on October 29, 1946, the creditor forwarded to the debtor a new purchase order, which it now contends was an acceptance of the debtor's counter-offer. This order was not accompanied by a "cash deposit" and otherwise failed to conform to the debtor's counter-offer. The new purchase order contained material conditions, including a modification of the terms of payment, which were not embodied in the debtor's counter-offer. There was included in the purchase order, in addition to the other conditions, a requirement that "All orders * * * be acknowledged * *." Therefore, the purchase order cannot be construed as an unequivocal acceptance of the debtor's counter-offer.

■■ The new purchase order, although purportedly an acceptance of the debtor's counter-offer, was both an effectual rejection and a counter-offer by the creditor to purchase paper on the terms and conditions therein prescribed. Restatement of the Law, Contracts, Sections 58, 59 and 60, pages 65 and 66; Williston on Contracts, Section 51, Vol. 1, at page 144, et seq.; Wilson v. Windolph, 103 N.J.Eq. 275, 143 A. 346, 347; Gable v. English, 93 N.J.Eq. 172, 115 A. 374; Poel v. Brunswick-Balke-Collender, Co., 216 N.Y. 310, 318, 110 N.E. 619; Mahar v. Compton, 18 App.Div. 536, 45 N.Y.S. 1126, 1128; Lamborn v. Woodard, 4 Cir., 20 F.2d 635, 636, et seq.; Canton Cotton Mills v. Southwest Overall Co., 8 Cir., 8 F.2d 807, 809; Columbia Malting Co. v. Clausen-Flanagan Corporation, 2 Cir., 3 F.2d 547, 549; Phoenix Iron & Steel Co.

v. Wilkoff Co., 6 Cir., 253 F. 165, 1 A.L.R. 1497; and the other cases hereinafter cited. The additional terms and conditions injected by the creditor were material, and therefore the consummation of a valid and enforceable contract was made to depend on the debtor's unequivocal assent to them and a written acknowledgment of the purchase order. Ibid; see also deVries v. Evening Journal Ass'n, 9 N.J. 117, 87 A.2d 317, 318. The debtor did not agree to the terms and conditions embodied in the purchase order; in fact, it rejected the order under circumstances hereinafter discussed.

■■ The applicable rule is succinctly stated in Johnson & Johnson v. Charmley Drug Co., 11 N.J. 526, 95 A.2d 391, at page 397, as follows: " * * * a contract does not come into being unless there be a manifestation of mutual assent by the parties to the same terms; and, while the manifestation of mutual assent is usually had by an offer and an acceptance either in words or by conduct, it is elementary that there can be no operative acceptance by acts or conduct unless the offeree's assent to the offer according to its terms is thereby unequivocally shown. There must * * be an agreement—a 'meeting of the minds' on the subject matter, to use a classic time-honored term, or there is no legally enforceable obligation. An expression of assent that modifies the substance of the tender, while it may be operative as a counter-offer is yet not an acceptance and does not consummate a contract. In the very nature of the contract, acceptance must be absolute. (Citations omitted.) If the contemplated agreement is to be bilateral, the 'offeror and offeree, alike, must express agreement as to every term of the contract. The offeror does this in the offer; the offeree must do it in his acceptance.' " See also Larsen & Fish, Inc., v. Schultz, 5 N.J.Super. 403, 69 A.2d 328.

The creditor, on or about November 8, 1946, delivered to some representative of the debtor a check in the amount of $25,000. There is a conflict in the testimony as to how this check came into

the possession of the debtor, but it clearly appears that it was never presented for payment. The check and the new purchase order were returned to the creditor on November 11, 1946, accompanied by a letter in which the debtor stated: "we are unable to accept (the order) as the order was too late in reaching us." We entertain some doubt as to the real motive which prompted the rejection of the purchase order, but the motive, as we view the ultimate issues, is not material.

The creditor contends that the debtor's "offer to sell 500 tons of paper was a continuing offer until revoked and that the transaction ripened into a contract, on the delivery of the $25,000 check, at a time when the offer was still valid and subsisting." The contention is predicated upon an erroneous assumption and is clearly without merit. The offer of the debtor was rejected and ceased to exist when the creditor, in response to that offer, submitted a counter-offer. Williston on Contracts, Section 51, supra. The delivery of the check thereafter, considered in the light most favorable to the creditor, was nothing more than a belated and ineffectual attempt to revive an offer which had been rejected. Ibid. The only offer then in existence was the counter-offer of the creditor, supra.

The attempted compliance, if it can be so regarded, was otherwise a nullity. The tender of a check in lieu of a "cash deposit" did not conform to the debtor's offer. The offer of the debtor required prepayment of a "cash deposit" as a condition precedent to the consummation of a contract. The tender of a check is not the equivalent of payment in cash, especially where, as here, a cash sale is contemplated. See: Weisberger v. J. G. Corporation, 107 N.J.Eq. 61, 151 A. 612; Condenser Service & Engineering Co. v. Mycalex Corp., 7 N.J. Super. 427, 71 A.2d 404; The Tietjen & Lang No. 2, D.C., 53 F.Supp. 459. It is clear from the evidence that the tender of the check in lieu of a "cash deposit" was rejected.

It appears from the testimony of Louis J. Ponzini, president and treasurer of the creditor, that the tender of the check "was on account against" the new purchase order. The counter-offer embodied in the new purchase order was unequivocally rejected by the debtor within a reasonable time after it was received and the check was returned to the debtor. The mere tender of payment under these circumstances could not bind the debtor. The consummation of a valid and enforceable contract, as hereinabove stated, was dependent upon the written acknowledgment of the purchase order and the debtor's unequivocal assent to the terms and conditions embodied therein. These conditions were not fulfilled and therefore the essentials of a bilateral agreement were clearly lacking.

The general principle summarized by the Supreme Court of New Jersey in the case of deVries v. Evening Journal Ass'n, supra [9 N.J. 117, 87 A.2d 318] is applicable here. "It is fundamental that the essential element to the valid consummation of a contract is a meeting of the minds of the contracting parties and that until there is such a meeting of the minds either party may withdraw and end all negotiations. (Citations omitted.) 'So long as negotiations are pending over matters relating to the contract, and which the parties regard as material to it, and until they are settled and their minds meet upon them, it is not a contract, although as to some matters they may be agreed'. (Citation omitted.)"

We are of the opinion that the negotiations between the debtor and the creditor did not result in the consummation of a valid and enforceable contract. The Order of the referee in Bankruptcy will therefore be affirmed.