166 N.J. Super. 575 (1979)
400 A.2d 145
WINDING BROOK REALTY, PLAINTIFF,
v.
RUTH PLATZER and FRP CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 26, 1979.
*577 Mr. William B. Butler for plaintiff (Messrs. Hooley, Perselay, Butler & Kelly, attorneys).
Mr. Jay B. Bloom for defendants (Messrs. Bloom & Javerbaum, attorneys).
GRIFFIN, J.S.C.
Should a real estate broker be permitted to recover a commission when he has failed to deliver a copy of the listing agreement to the owner at the time of its execution?
There is no reported case in New Jersey on this point. "Failure [of a real estate broker or salesman] to provide his client with a fully executed copy of any sole or exclusive sales or rental listing contract at the time of execution thereof * * *" is prohibited by N.J.S.A. 45:15-17(f). This statute gives the real estate commission the power to discipline a broker or salesman by license revocation, suspension, or a fine for violation of its provisions. The statute contains no statement as to the effect of a violation on civil litigation between a broker and his client.
The Legislature has clearly established the public policy of the State by passage of this statute. One who violates this policy should not be permitted to enforce his commission agreement.
The broker, James Jensen, did not leave a copy of the listing agreement with the owner at the time it was executed. He contended, but the evidence was not convincing, that a copy was later mailed. Even if this were true, the requirements of the statute would not be met.
*578 Defendant Ruth Platzer testified that she signed the agreement partially in blank, giving specific instructions to plaintiff as to its completion. It was not so completed. This is precisely the evil which the statute is intended to prevent. If a fully executed copy is delivered at the time of execution, no problems will arise concerning subsequent alteration or improper completion when all copies are in the broker's possession. A later mailing will not eliminate this possibility.
Prior to July 1, 1954, N.J.S.A. 45:15-17 contained the following saving language: "This article shall not be construed to relieve any person from civil liability or criminal prosecution under the laws of this State."
The case of Maraziti v. Corigliano, 29 N.J. Super. 86 (App. Div. 1953), held that the broker could recover in spite of a violation. Another section of the same statute was involved. The court did not decide whether the agreement was illegal and unenforceable because it violated the provisions of the statute. Such decision was not necessary in view of the saving language.
Subsequent to the Maraziti decision, the statute was amended. Included in the amendment, which was effective July 1, 1954, was the elimination of the above quoted language. The statement of purpose included the following:
The purposes of this bill are * * * to define and make more effective the public policy of this State with respect to the validity of sole or exclusive sales listing contracts in real estate transactions as necessitated by the decision rendered by the Appellate Court of this State in the case of Maraziti v. Corigliano, 29 N.J. Super. 86 (App. Div. 1953). * * *
In view of the Legislature's statement of purpose specifically referring to the Maraziti case, this court has no difficulty in holding that the failure to comply with a provision of the statute is against the public policy of this State. For this reason, plaintiff's case must fail. See Rosenthal v. Art Metal Inc., 95 N.J. Super. 8 (Law Div. 1967).