173 N.J. Super. 472 (1980)
414 A.2d 596
WINDING BROOK REALTY, PLAINTIFF-APPELLANT,
v.
RUTH PLATZER AND FRP CORP., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted April 28, 1980.
Decided May 6, 1980.
Before Judges BISCHOFF, BOTTER and MORTON I. GREENBERG.
*473 Dennis Alan Cipriano, attorney for appellant (James I. Peck IV on the brief).
Jay B. Bloom, attorney for respondent.
PER CURIAM.
Plaintiff brought this action to recover a commission on the sale of a restaurant owned by defendant. The court after a plenary trial found that the listing agreements had been signed in blank by defendants; that at the time they were signed plaintiff's representative took down certain information with respect to the transaction from defendant; that defendant was not given an executed copy of the agreement, and that "plaintiff knew that defendant did not expect to pay a commission if the restaurant was sold to a prospective purchaser with whom she had been negotiating since before Christmas. This purchaser had been pointed out to plaintiff's saleswoman but the name was not known." The record makes it clear that the prospective purchaser in fact did acquire the business.
The trial judge, after having made written findings, filed a separate opinion holding that by reason of N.J.S.A. 45:15-17(f) plaintiff had been obligated to give defendant a fully executed copy of the listing agreement and that its failure to do so precluded recovery. 166 N.J. Super. 575 (Law Div. 1979). Plaintiff appeals from the subsequent judgment entered in favor of defendant.
We affirm. It is clear that the findings of fact of the trial judge are adequately supported by the evidence. R. 2:11-3(e)(1)(A). Therefore we accept them. Thus while plaintiff denies that the agreement was not complete when signed, the contrary factual finding requires a legal conclusion that defendants are not liable for the commission since there was no agreement to pay it when defendants' prospective purchaser acquired the property. deVries v. Evening Journal Ass'n, 9 N.J. 117 (1950). Indeed, the understanding was exactly the opposite. In the circumstances we do not find it necessary or appropriate to reach the legal issues as to whether N.J.S.A. 45:15-17(f) *474 applies to the sale of this business which apparently did not include real estate, or whether a violation of that section would bar this action. Thus our decision should not be understood to approve or disapprove the holding of the trial judge on those issues.
Affirmed.