**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3337-17T2

ONSLO ROSE,

      Plaintiff-Appellant,

v.

ROWAN UNIVERSITY,

      Defendant-Respondent.

---

Argued January 16, 2019 – Decided April 26, 2019

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0835-15.

Deborah L. Mains argued the cause for appellant (Costello & Mains, LLC, attorneys; Deborah L. Mains, on the brief).

Christine P. O'Hearn argued the cause for respondent (Brown & Connery, LLP, attorneys; Christine P. O'Hearn, Laurel B. Peltzman, and Christopher A. Barrett, on the brief).

PER CURIAM

Plaintiff Onslo Rose appeals from a February 16, 2018 decision enforcing a settlement agreement between him and his former employer Rowan University. Because we concur that the parties did not reach a meeting of the minds regarding essential terms, we reverse.

After a trial date was fixed in the underlying Law Against Discrimination case, N.J.S.A. 10:5-12, counsel engaged in the following e-mail exchange:

From Rose's counsel:

> In speaking with the client, he was adamant about getting a number in the six figures. However, in talking to him, if we can agree on a number just under $100,000, meaning $95,000, we can get the case resolved. Please let me know if [d]efendant is agreeable to $95,000, and we can settle the case. Unfortunately the number would have to be $95,000 and nothing less than that.

From Rowan's counsel:

> I can likely do this but there will have to be a no-rehire provision in there for [defendant] and any other state operated agencies. I will confirm with the client. Thanks.

From Rowan's counsel:

> We are settled at $95k provided we have the usual state required release and forms, as well as a confidentiality, non disparagement and no rehire for state employment provisions in the release. Please confirm and I will prepare the release.

2

From Rose's counsel:

> Sorry for just getting back now. Without disclosing too much, I have had some issues finalizing the number with . . . [p]laintiff. What I would like to do if [d]efendant consents, is ask the [c]ourt to convert the 1/16 trial call to a settlement conference. I will have . . . [p]laintiff appear and I am ok if [d]efendant does not appear in person. Let me know if you are ok with that, and I will send the letter out today.

As counsel discussed, some two weeks later, the judge conducted a settlement conference. At that time, plaintiff confirmed on the record his rejection of the proposed settlement, which Rowan's attorney consequently withdrew. The matter was rescheduled for trial.

Ten days later, Rowan moved to enforce the proposed settlement. Having read counsel's e-mail exchange, the judge found as a fact that plaintiff had made an offer, accepted by defendant with some additional terms, and that plaintiff then reneged on the amount, not on the proposed additional terms. He further found that the items Rowan wished Rose to sign, including "the usual State required release and forms, as well as confidential, non-disparagement and no rehire for State employment in the release was not challenged or disputed by the plaintiff." He concluded that the parties had agreed on payment of $95,000 in full settlement of plaintiff's claims and held that Rowan had met its burden of proving a valid settlement agreement existed under contract law.

3

At the close of the judge's oral statement of reasons, Rose's attorney asked if the judge considered Rowan's additional requirements to have been essential or nonessential terms. A few days later, via telephone conference, the judge explained that he had not been previously squarely presented with the question of whether the additional forms Rowan expected Rose to sign were essential terms of the agreement. He said the issue was not "fairly before me[,]" and reiterated that the term essential to the formation of a contract was the sum to be paid in settlement. Because Rose's counsel did not object to the signing of the paperwork, and focused instead on the amount of the payment, the judge did not find the execution of the state-required documents was an essential term.

An appellate court's "review of a contract, generally, is de novo, and therefore we owe no special deference to the trial court's . . . interpretation." Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 445-46 (2014) (citing Kieffer v. Best Buy, 205 N.J. 213, 222-23 (2011)). "The interpretation of contracts and their construction are matters of law for the court subject to de novo review." Sealed Air Corp. v. Royal Indem. Co., 404 N.J. Super. 363, 375 (App. Div. 2008) (citing Fastenberg v. Prudential Ins. Co. of Am., 309 N.J. Super. 415, 420 (App. Div. 1998)).

A-3337-17T2

A valid settlement agreement requires an offer and acceptance by the parties, "and the terms of the agreement must 'be sufficiently definite [so] that the performance to be rendered by each party can be ascertained with reasonable certainty.'" GMAC Mortg., LLC v. Willoughby, 230 N.J. 172, 185 (2017) (quoting Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992)). "A written contract is formed when there is a 'meeting of the minds' between the parties evidenced by a written offer and an unconditional written acceptance." Morton v. 4 Orchard Land Tr., 180 N.J. 118, 129-30 (2004) (quoting Johnson & Johnson v. Charmley Drug Co., 11 N.J. 526, 538-39 (1953)). There must be an "unqualified acceptance to conclude the manifestation of assent." Weichert, 128 N.J. at 435-36 (quoting Johnson & Johnson, 11 N.J. at 539). "[I]f parties agree on essential terms and manifest an intention to be bound by those terms, they have created an enforceable contract." Id. at 435. As a corollary to the above, "[w]here the parties do not agree to one or more essential terms, however, courts generally hold that the agreement is unenforceable." Ibid.

"A counteroffer operates as a rejection because it implies that the offeree will not consent to the terms of the original offer and will only enter into the transaction on the terms stated in the counteroffer." Berberian v. Lynn, 355 N.J. Super. 210, 217 (App. Div. 2002) (citing Fish v. Schultz, 5 N.J. Super. 403, 405

(App. Div. 1949); 1 <u>Williston on Contracts</u> § 5.3 (4th ed. 1990)), <u>aff'd as modified</u>, 179 N.J. 290 (2004). "A counteroffer terminates the power of acceptance when it relates to the same matter as the original offer and proposes a 'substituted bargain differing from that proposed by the original offer.'" <u>Ibid.</u> (quoting <u>Restatement (Second) of Contracts</u> § 39(2), cmt. a (Am. Law Inst. 1981)).

The burden of proving that a settlement was reached is on the party seeking to enforce the settlement. <u>Amatuzzo v. Kozmiuk</u>, 305 N.J. Super. 469, 475 (App. Div. 1997). On a disputed motion to enforce settlement, the trial court should hold a hearing to establish the facts "unless the available competent evidence, considered in a light most favorable to the non-moving party, is insufficient to permit the judge, as a rational factfinder, to resolve the disputed factual issues in favor of the non-moving party." <u>Id.</u> at 474-75. The evidence in this case was straightforward and did not require a hearing.

We differ with the court's characterization of the e-mail exchanges, however. Rowan's seeming acceptance of the $95,000 was in fact a counter-offer, containing previously unmentioned terms requiring acceptance before the matter could be resolved. Rowan would not have settled for any amount without the execution of "state required release and forms, as well as a confidentiality,

non-disparagement and no rehire for state employment provisions in the release." Those state-required forms were not incidental to the contract. Without Rose's signature on the specified documents, Rowan had no authority to settle with Rose. Further, Rose may have been unwilling to settle if required to assent to those terms. Thus, the response became a counteroffer. See Berberian, 355 N.J. Super. at 217.

Even if Rose's attorney's response focused solely on the money to be paid, that does not diminish the fact Rowan's response, before any consideration of the attorney's statements, was a rejection and counteroffer. Rowan's response was not the necessary unqualified acceptance manifesting assent required for the creation of an enforceable settlement agreement. Weichert, 128 N.J. at 435-36.

There was no meeting of the minds evidenced by an offer and unconditional acceptance. See Morton, 180 N.J. at 129-30. There was no agreement.

Reversed and remanded for trial.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3337-17T2