PFISTER AND VOGEL COMPANY *vs.* FITZPATRICK SHOE COMPANY, HENRY FITZPATRICK, petitioner.

Suffolk.   December 2, 3, 1907. — February 25, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Landlord and Tenant.*

If the owner of a building near a shoe factory orally lets it to a corporation operating the factory to be used in connection with the factory, and refuses to bear any expense of making the necessary changes to adapt it to that use, but gives the tenant to understand that he has no objection to any changes it desires to make at its own expense, whereupon the tenant makes not very extensive alterations of which the owner knows and to which he does not object until after the lapse of four years, the owner cannot maintain a claim to be paid by the corporation, or the receivers of its property, at the end of the four years for putting his building in the same condition that it was at the time of the letting.

PETITION, filed on January 29, 1907, to prove a claim against the receivers of the property of the Fitzpatrick Shoe Company, appointed in the suit of *Pfister & Vogel Company* v. *Fitzpatrick Shoe Company,* pending in the Supreme Judicial Court, asking for damages sufficient to restore to its former condition a two story building in Stoughton owned by the petitioner which had been hired and used by the shoe company in connection with its factory, and afterwards was used for a time by the receivers who paid rent at the rate of $15 a month up to January 15, 1907, when possession of the building was surrendered to the petitioner.

There was a hearing upon the petition before *Braley*, J., who refused to rule that the petitioner should be allowed to prove his claim, and made the findings stated at the beginning of the opinion. At the request of the petitioner he reported the case to the full court. If the ruling was wrong, by agreement of parties, the petitioner was to be allowed to prove his claim for the sum of $230 with costs; otherwise, his petition was to be dismissed.

*O. A. Marden*, for the petitioner, Henry Fitzpatrick.

*W. O. Underwood*, for the receivers.

RUGG, J. This petition for leave to prove a claim was heard before a justice of this court, who found that the alterations, for which the petitioner asks damages, were made with the knowledge and assent of the petitioner, that they were reasonably necessary to adapt the premises to the uses of the defendant tenant as shoe manufacturer, and that the premises have not deteriorated during the occupancy by the wilful or negligent conduct of the lessee. These findings will not be disturbed unless shown to be plainly wrong. The evidence was oral, and the presiding justice saw the witnesses, and had the opportunity to test by his own observation the weight to which each was entitled. Without resting upon this ground, however, the finding appears upon the record to have been fully warranted. It is obvious that the building of the petitioner at the time it was leased was ill adapted for economical use in connection with the defendant's other factory without the making of some changes. There was evidence tending to show a discussion between the landlord and tenant as to these necessary changes, in which the former refused to bear any expense in that connection and gave the tenant to understand that he had no opposition to any changes it desired to make at its own expense. He knew of the alterations at the time they were made, and offered no objection respecting them until the lapse of more than four years. This evidence not only justified but almost compelled a finding that the petitioner agreed to the making of whatever reasonable adaptations of the building to its needs the tenant chose at its own cost. The alterations, although sufficient to constitute waste in the absence of assent from the landlord, were not very extensive nor expensive. Under these circumstances he cannot now ask to have the

premises put in the same condition as they were at the beginning
of the defendant's occupancy.

In accordance with the terms of the report, let the entry be

*Petition dismissed.*