ALONZO W. PERRY *vs.* J. L. MOTT IRON WORKS COMPANY.

Suffolk.    November 18, 1910. — January 6, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Landlord and Tenant,* Construction of lease, Covenant of lessee as to condition of premises. *Covenant. Contract,* In writing. *Evidence,* Extrinsic affecting writings. *Words,* " Repair."

A covenant of a lessee, to put the leased premises " in as good repair as they were in at the beginning of said term," does not require him to remove trade fixtures of permanent construction which with the consent of the lessor he had added to the premises during the term of the lease, and which after the termination of the lease it was necessary for the lessor to have removed in order to make the premises rentable.

The owner of a store leased it to a corporation engaged in the business of selling bathroom and sanitary fixtures and plumbers' supplies, the lease containing the

following provisions: That the lessee would "not injure, overload or deface the premises in any way, or suffer or permit the premises or any part thereof, during or at the determination of these presents, to be injured, overloaded or defaced in appearance, whether by removal of any fixture or otherwise; and . . . not make any alterations or additions during the term . . . except such as are hereinafter permitted . . . and peacefully yield up to the lessor the premises, and all erections and additions made to or upon the same, clean and in good repair in all respects. . . . And it is agreed that the lessee may make such alterations and additions within said leased premises as may be necessary for his business, and may remove at the termination of this lease such tiling and special fittings as have been put in at his own expense, provided he puts the premises in as good repair as they were in at the beginning of said term." The lessee, with the knowledge and consent of the lessor, for its purposes built upon the premises six bathrooms with plaster walls covered with tiling and installed appropriate fixtures and tiled floors and a balcony, all of permanent construction, and at the termination of the tenancy, the lessee not removing such structures, the lessor, because their removal was necessary in order that the premises might be let to another tenant, removed them and by an action of contract sought to recover from the lessee the expense thereby entailed. *Held*, that the words in the lease, "provided he puts the premises in as good repair as they were at the beginning of said term," did not require the lessee to remove the structures in question, and therefore, since the structures were installed with the lessor's consent, he could not recover from the lessee the expense of removing them.

A lease in writing by the owner of certain premises to a corporation contained the *following* provision: That the lessee would "not injure, overload or deface the premises in any way, or suffer or permit the premises or any part thereof, during or at the determination of these presents, to be injured, overloaded or defaced in appearance, whether by removal of any fixture or otherwise; and . . . not make any alterations or additions during the term . . . except such as are hereinafter permitted . . . and peacefully yield up to the lessor the premises, and all erections and additions made to or upon the same, clean and in good repair in all respects. . . . And it is agreed that the lessee may make such alterations and additions within said leased premises as may be necessary for his business, and may remove at the termination of this lease such tiling and special fittings as have been put in at his own expense, provided he puts the premises in as good repair as they were in at the beginning of said term." In an action by the lessor against the lessee to recover under the lease the expense of removing certain trade fixtures of permanent construction installed by the lessee, the lessor offered in evidence a preliminary agreement to lease signed by the parties, which contained the following: "The lessee is to have the right to make such alterations and additions within said leased premises as may be necessary for his business, and to remove at the end of said term such tiling and special fittings as he puts in at his own expense, hereby agreeing to put the premises in as good repair as they are at the beginning of said term, reasonable wear and tear excepted." The preliminary agreement was excluded. *Held*, that the lease was neither obscure nor ambiguous, and that the preliminary agreement rightly was excluded.

CONTRACT by the lessor against the lessee under a lease in writing of premises numbered 378 on Boylston Street in Boston, the first count being for charges under the lease for lighting,

the second for charges for water, and the third and fourth as stated in the opinion. Writ in the Municipal Court of the City of Boston dated August 30, 1906.

On appeal to the Superior Court the case was heard by *Wait,* J., without a jury. The defendant admitted liability under the first and second counts. The facts relating to the third and fourth counts are stated in the opinion. As to such facts, the parties agreed that, " if the defendant was bound to restore the premises at the expiration of the lease to the same general condition in which they were before any changes were made by the lessee, reasonable use and wear thereof excepted, then it is agreed that the premises were not so left by the lessee. If the defendant was not bound to restore the premises at the expiration of the lease to the same general condition in which they were before any changes were made by the lessee, reasonable use and wear thereof excepted, but was only bound to leave them in the same general condition as they had been put by reason of the change made by it, the lessee, reasonable use and wear thereof excepted, then it is agreed that they were so left by the lessee. If upon the foregoing facts the plaintiff is entitled to recover for removing the alterations and additions made by it and restoring the premises to their former condition, it is agreed that he shall recover the sum of $626.48, and if he is entitled to recover for loss of rent because of the time consumed thereby, it is agreed that it took the plaintiff, using reasonable despatch ten days or one third of a month to remove the alterations and additions and restore the said premises to their former condition, and that a fair rental for the store in June, 1906, when such work was done by the plaintiff was $6,000 per year."

The document which was offered in evidence by the plaintiff and is referred to in the last paragraph of the opinion was an agreement by the defendant to take a lease of the premises in question, and contained certain provisions as to things to be done by the lessor and to be permitted to be done by the lessee. Among the latter was the following:

" The lessee is to have the right to make such alterations and additions within said leased premises as may be necessary for his business, and to remove at the end of said term such tiling and special fittings as he puts in at his own expense, hereby agreeing

to put the premises in as good repair as they are at the beginning of said term, reasonable wear and tear excepted."

The trial judge found for the defendant on the third and fourth counts of the declaration; and the plaintiff alleged exceptions.

*J. E. Hannigan,* for the plaintiff.

*G. V. Phipps,* for the defendant.

RUGG, J. This is an action of contract upon a lease of a store for a term of six years and two months. Its provisions now material were that the lessee would "not injure, overload or deface the premises in any way, or suffer or permit the premises or any part thereof, during or at the determination of these presents, to be injured, overloaded or defaced in appearance, whether by removal of any fixture or otherwise; and . . . not make any alterations or additions during the term . . . except such as are hereinafter permitted . . . and peacefully yield up to the lessor the premises, and all erections and additions made to or upon the same, clean and in good repair in all respects. . . . And it is agreed that the lessee may make such alterations and additions within said leased premises as may be necessary for his business, and may remove at the termination of this lease such tiling and special fittings as have been put in at his own expense, provided he puts the premises in as good repair as they were in at the beginning of said term." The defendant pursuant to the lease built upon the premises six bathrooms with plaster walls covered with tiling, and installed appropriate fixtures and tiled floors, and a balcony, all of permanent construction for the purpose of adapting the premises for its business of selling bathroom and sanitary fixtures and plumbers' supplies. At the expiration of its lease the defendant did not remove any of these additions and alterations. This action is brought to recover the expense of removing them in order to adapt the premises to other uses and the rent for the time required in doing the work.

The trial judge found that the bathrooms were trade fixtures, but were so constructed as to constitute an alteration and addition, and were built with the knowledge and consent of the lessor, but added nothing to the value of the premises, and their removal was necessary in order to let the premises to another tenant. Under these circumstances the plaintiff cannot recover

unless some provision of the lease gives this right. *Pfister &*
*Vogel Co.* v. *Fitzpatrick*, 197 Mass. 277. It is plain that by the
express terms of the lease changes like those actually made were
contemplated and allowed. It is contended, however, that the
conditional clause in the final paragraph of the lease expressed
in the words "provided he puts the premises in as good repair,
as they were at the beginning of the term" applies as well to the
permission to make the alterations and additions as to that to
remove them. The rule of grammatical construction of language
is that a qualifying word or phrase ordinarily refers to its nearest
antecedent, and that although punctuation may be disregarded
when the intent of the instrument seems so to require, yet it may
be resorted to when it seems to throw light on the interpretation.
*Greenough* v. *Phœnix Ins. Co.* 206 Mass. 247, 251, and cases
cited. "Repair" as here employed naturally means a mending
of the waste or decay incident to a removal rather than a resto-
ration to an original state, when the alterations or additions were
sound and without deterioration as structures. "Repair" is not
equivalent to "condition" in this connection. This is confirmed
by the earlier provision of the lease to the effect that all erections
and additions, if left, should be yielded up to the lessor "clean
and in good repair." Nor can it be said that these additions
"defaced" the premises and hence should have been removed by
the tenant. They were not defacements but useful adaptations
to the needs of the tenant, for which they were designed. Con-
struing the lease as a whole and giving reasonable effect to its
several provisions, it appears to give to the lessee the option of
removing the additions and alterations at the expiration of the
term, and if this option is exercised the premises must be left
undefaced in appearance and not in any state of depreciation
by such removal; but if the option was not exercised, then the
premises, together with all additions, must be left for the land-
lord in a good state of repair, reasonable wear and unavoidable
casualties excepted. As the tenant did not elect to exercise the
privilege of removal, the plaintiff could not compel him to make
such removal. Therefore he cannot recover.

The evidence as to the contents of the preliminary agreement
for the lease was properly excluded under the familiar rule that
when a contract is formally reduced to writing, without fraud or

mistake, and is signed, all previous or contemporaneous discussions and memoranda are either rejected or embodied in it, which alone expresses the agreement. There is no such obscurity or ambiguity about the language employed or the subject-matter involved as to open the door for explanation. *Commonwealth Trust Co.* v. *Coveney,* 200 Mass. 379. *Jennings* v. *Puffer,* 203 Mass. 534, and cases cited.

*Exceptions overruled.*