## ARKANSAS FUEL OIL CO. v. CONNELLEE et al.

### No. 805.

Court of Civil Appeals of Texas. Eastland.
May 15, 1931.

Conner & McRae, of Eastland, for plaintiff in error.

Chastain & Judkins, of Eastland, for defendants in error.

### FUNDERBURK, J.

Bula B. Connellee, joined pro forma by her husband, C. U. Connellee, brought this suit against Arkansas Fuel Oil Company to recover damages for injuries to a 25-acre tract of land near the city of Eastland. It was alleged that the land had been leased by the plaintiffs to the defendant to be used as a site for the erection and maintenance of a gasoline manufacturing plant, the term of the lease to continue for as long a time as defendants should use same for said purpose, and no longer. The abandonment of the lease was alleged, and plaintiffs' ownership of the land, and further "that it was the duty of the defendants, upon the termination of the said lease, to surrender the same back to plaintiff' in as good condition as when same was received and accepted by the said defendant, and without injury to the freehold estate. * * * That the defendant has failed and refused to place same in the same condition upon their surrender of said lease, but on the contrary has *negligently* (italics ours) permitted the premises to be so dug up in holes and so covered with iron pipes, cement blocks, foundations and walks, and so covered with old iron, wire ropes and abandoned refuse, and so covered with oil and water as to render said land worthless for any purpose."

After alleging somewhat more in detail the alleged injuries to the land, it was averred that it would require the expenditure of $5,000 in order to restore the land to the same condition it was in when taken by the defendant. It was also alleged that the difference in the market value of the land "in the condition same was in when said lease was executed, and its condition when the lease terminated, is the sum of $5,000.00." The defendant answered by general demurrer, general denial, and special pleas not necessary to be set out further than that the lease, by its express provisions, gave defendant the right, upon termination of the lease, to remove the buildings and all other improvements and property placed by it upon the land. In a supplemental petition plaintiffs alleged, among other things, that the defendant "has failed and refused to clean up the said premises and to restore same to the condition in which they were before the erection of the said refinery, to plaintiffs' damage. as set out in her original petition." The case was submitted to the jury upon only one special issue, which, with the jury's answer thereto, was as follows: "Special Issue No. 1: What do you find from the evidence in this case to have been the difference, if any, in the market value of the surface of the 25 acres of land described in plaintiffs' petition immediately before and immediately after the removal by the defendant of the buildings, machinery and refinery equipment shown by the evidence to have been removed from the said premises in about July, 1925? If worth less than after the removal, then answer in dollars and cents. Answer $500.00."

In connection with the submission of the issue, the court instructed the jury not to consider the value of any improvements in the way of buildings, machinery, and refinery equipment placed on the premises by the defendant, or the Arkansas Natural Gas Company. The court further instructed the jury as follows: "You are instructed that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence the material allegations in their petition."

At the request of the defendant the court further instructed the jury not to consider for any purpose any testimony with reference to the cost of restoring the land mentioned in the plaintiffs' petition to the condition in which it was before the gasoline plant and other improvements placed thereon by the defendant, used or incident to the operation of said plant. The court having rendered judgment for the plaintiffs, in accordance with the verdict of the jury, the defendant has prosecuted writ of error to this court. The parties will be from now on designated as they were in the trial court, plaintiffs and defendant.

Defendant submits a number of propositions under an assignment that the court erred in refusing its request for a peremptory instruction. It is insisted, among other things, that defendant, having the lawful right under its lease of the premises, to remove the property and improvements thereon,

It was not liable for the exercise of such rights in the absence of a showing of negligence in the manner and way of removing such property and equipment, and that the evidence showed no negligence. We have concluded that this contention must be sustained. Plaintiffs, in their petition, seem to have attempted to allege a cause of action based upon the assumption that the law, independently of any contract or covenant, imposed upon the defendant the duty to restore the land, upon its abandonment, to the same condition as before the use thereof for the purposes of the lease. If such duty could exist, as one imposed by law, we are quite certain that no facts were alleged to show the existence of such a duty. We have been favored with no brief by the plaintiffs, but in our independent investigation we find no support in the authorities for the view that the law itself imposes the duty of restoration in a case like this. The defendant, by the terms of the lease contract, secured the right to erect and maintain a casinghead gasoline plant upon the land and to "erect such buildings and other structures and improvements thereon and place such machinery and equipment thereon as it desires, and to use such land in any way whatsoever for the purpose of treating casinghead gas and manufacturing gasoline therefrom," together with rights of way and right to lay pipe lines, etc. Also, by the terms of the lease contract the defendant had the right at the termination of the lease, and for a reasonable time thereafter "to remove all buildings, structures, equipment and other things whatsoever which it has placed on said land as a part of or to be used in connection with such casinghead gas plant." The lease cannot, we think, be construed as imposing any contract obligation upon the defendant to remove such property, but only gave it the right and option to do so. "The lessee is not required to remove improvements made by him with the consent of the landlord, or under authority of the lease in the absence of express requirement thereof." 36 C. J. 199; Marks v. Chapman, 135 Iowa, 320, 112 N. W. 817; Cawley v. Jean, 218 Mass. 263, 105 N. E. 1007; Perry v. Iron Works, 207 Mass. 501, 93 N. E. 798.

■■ It is easily conceivable that the structures placed upon the land under the express right given by the contract might well, after abandonment of their use, just as seriously impair the value of the land as if they had been removed, but leaving the land in the condition actually claimed to exist. If plaintiffs had no right to enforce the removal of all the buildings or other structures, then they had no right to complain because of only a partial removal performed under a contract right of the defendant to do so, unless the defendant was guilty of some negligence in accomplishing such removal.

Plaintiffs alleged that the defendant negligently permitted the conditions complained of, and we are not prepared to say that, in the absence of special exception, the pleading was insufficient to let in proof of such negligence as would show a liability on the part of the defendant. The rule of liability is stated in C. J. as follows: "Independently of express covenant, the law imposes upon the lessee an obligation to treat the premises so that no susbtantial injury be done thereto during his occupancy, and that the property be restored to the landlord at the end of the term unimpaired by the negligence of the tenant, but he is not liable for damages ensuing from a reasonable use." 36 C. J. 196. That the liability, if any, is one predicated upon the pleading and proof of negligence, is recognized by a number of decisions in our state. Gulf Pipe Line Co. v. Watson (Tex. Civ. App.) 8 S.W.(2d) 957; Magnolia Petroleum Co. v. Aiken (Tex. Civ. App.) 289 S. W. 152; H. & E. T. Ry. Co. v. Adams, 58 Tex. 476; Mexican Nat. Constr. Co. v. Meddlegge, 75 Tex. 634, 13 S. W. 257.

Under these authorities we conclude that any damages resulting to the plaintiffs from the mere omission to remove all the structures placed upon said land, or for the removal of any of such structures, unaccompanied by negligence in the way and manner of doing so, would not be actionable. The statement of facts, as we read it, is devoid of any evidence whatever of such negligence, which forces us to the conclusion that the trial court should have, as requested, given a peremtory instruction for the defendant.

■■ We will notice but one other assignment. Due exception was taken to the instruction given the jury that "the burden of proof is upon the plaintiff to establish by a preponderance of the evidence the material allegations in their petition." Instructions in substance the same have been held to be error on two or more grounds. It is a general charge, improper to be given in a case submitted upon special issues. It improperly refers the jury to plaintiffs' petition to ascertain the allegations as to which they are directed to determine whether same be supported by a preponderance of the evidence. W. U. Tel. Co. v. Rutledge (Tex. Com. App.) 15 S.W.(2d) 210; M., K. & T. Ry. Co. v. Thomason (Tex. Civ. App.) 3 S.W.(2d) 106; Morris v. Davis (Tex. Civ. App.) 3 S.W.(2d) 109; Davis v. Morris (Tex. Com. App.) 13 S.W.(2d) 63; Walsh v. Schingler (Tex. Civ. App.) 14 S.W.(2d) 872; T. & P. Ry. Co. v. Bufkin (Tex. Civ. App.) 19 S.W.(2d) 343.

Apparently the evidence was fully developed upon the trial, and we are therefore of opinion that the judgment of the trial court should be reversed and judgment rendered for the defendant, which is accordingly so ordered.