## T. E. Savage, Appellee, v. University State Bank of Champaign, Appellant.

### Gen. No. 8,539.

458

Opinion filed November 4, 1931.

LITTLE & FINFROCK, for appellant; ROGER F. LITTLE and DAVID G. MOYER, of counsel.

F. T. CARSON and C. H. SWICK, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is an action in assumpsit, brought in the county court of Champaign county by appellee to recover from appellant for failure to remove a concrete bank vault from appellee's building. Appellant had been tenant under a written lease of a building owned by the appellee. This lease had been canceled by agreement of the parties before its termination according to its

terms. There was no written memorandum of the agreement to cancel, but there is no dispute that there was such agreement. Neither is there any question but that the lease was actually canceled and surrendered. There is no claim by appellee for rent under the lease, and no claim by appellant of a right to possession.

Appellant had occupied appellee's building for some six years prior to its removal about July 2, 1927. The lease in effect at that time was dated May 21, 1924, and did not expire until June 1, 1929.

The lease contained the following provisions: "Said lessee agrees to surrender the possession of said premises to said lessor upon the termination of the term above created or the forfeiture of this lease, as hereinafter provided; and further agrees, during the occupancy of said demised premises to maintain and keep the same in as good condition and repair as the same shall be upon taking possession thereof, natural wear, injury by fire, or other inevitable accidents excepted.

"The foregoing covenants shall be obligatory upon the heirs, executors, administrators and assigns of the parties hereto. It is further agreed and understood that the vault and fixtures, which were rightfully built in the building, will continue to be the property of the lessee. Lessee is to have an option of five years at the expiration of the lease at a rental value to be later determined."

There had been a prior written lease between these parties of the same building. It is in evidence and is not disputed that prior to the lease dated May 21, 1924, appellant had built in the building a concrete vault for use in connection with its operation of a banking business in the building. This lease made reference to the vault as appellant's property.

When appellant removed from appellee's building it did not see fit to remove this vault. It will not be

disputed that the vault was never mentioned or referred to in all the negotiations leading up to an agreement to cancel the lease or in the agreement itself, and the first time it ever was referred to in any way was at least two weeks after the building was vacated by the appellant. Appellee made no demand on appellant to remove the vault, and gave no notice to appellant that he expected it to remove the vault or that he would remove it and hold appellant for the expense of its removal, but he voluntarily employed a contractor to remove this vault. In so doing he claims he incurred an expense of over $1,100. He further paid this bill without any demand on the appellant and then more than a year and two months after the work was done brought this action.

The cause was tried before a jury and a verdict given for the full amount of the *ad damnum* and judgment rendered. Appellant brings the matter before this court seeking to have said judgment reversed and assigns a number of errors, both as to findings of fact and as to rulings of the court.

No contract on the part of appellant, either express or implied, is shown either to remove the vault or bear the expense. There is no covenant in the lease requiring appellant to move the vault. The vault was in the building at the time the lease was made. There are no provisions in the lease authorizing appellant to remove the vault unless the ownership by appellant implies that the vault is personal property. It is quite possible that the respective parties to the lease, or one of them, intended to continue each an owner of an *aliquot* part of the real estate. By the modern cases it is a question of intention whether appliances are or are not fixtures. *Arnold v. Crowder*, 81 Ill. 56. It would be impossible in this case to arrive at the intention of the parties without a knowledge or some knowledge of the value of the lot and building to which

the vault was attached. Appellee expended over $1,000 in the removal of the vault. Was the property worth more or less than that amount before or after the removal? On this subject the record is bare. Was the property increased in value or damaged by the construction of the vault for all general purposes? We do not know. Carson did not care to use the vault to store furs. Still it might have been of value to many other tenants in many other lines. Counsel for each party seek to minimize the proofs to the extent that we are unable, from the written lease and their testimony, to gather much of an idea as to the intention of the parties. It does appear plainly that their intentions do not now agree, regardless of what was in their minds when the vault was constructed. It has been held that the lessee is not required to remove improvements made by him with the consent of the landlord, or under authority of the lease, in the absence of express requirement thereof. (36 Corpus Juris, 199, 200; *Perry v. J. L. Mott Iron Works Co.,* 207 Mass. 501, 93 N. E. 798.) The right of the tenant to remove fixtures exists only while he remains in possession in his character as tenant. (*Fellows v. Johnson,* 183 Ill. App. 42; *Dreiske v. People's Lumber Co.,* 107 Ill. App. 285.)

For the reasons stated, the judgment of the county court of Champaign county is reversed.

*Reversed.*