389 P.2d 216

Beulah LAMONICA, Plaintiff-Appellant,

v.

Dr. Charles BOSENBERG, Pod. D., and Dr. Glen Darrow, D. O., Defendants-Appellees.

No. 7332.

Supreme Court of New Mexico.

Feb. 3, 1964.

**454**

White, Rhodes & McCallister, Albuquerque, for appellant.

Joseph T. Cole, Jr., Scott H. Mabry, Albuquerque, for appellees.

NOBLE, Justice.

A landlord (plaintiff and appellant) brought separate suits against the tenants (Dr. Bosenberg and Dr. Darrow, defendants and appellees) seeking damages for failure, upon termination of month to month oral leases, to restore the premises to their former condition. The cases were consolidated for trial and for this appeal from judgments dismissing the complaints.

Dr. Bosenberg and Dr. Darrow entered into verbal negotiations with plaintiff to lease adjoining residential apartments for their joint use as professional offices. Alterations were necessary to make the apartments suitable for their use. The negotiations contemplated a five-year written lease with certain renewal options and that defendants would restore the premises to their former condition at the end of the term. The alterations were made and defendants entered into possession while the lease negotiations were pending. Some time later a disagreement arose regarding terms of the proposed written instrument and it was never executed. The tenants continued in possession and paid monthly rental from May 15, 1959 to December 15, 1961, when they moved out and ceased payment of rental. They refused the landlord's request to restore the premises to their former condition.

These actions concern whether the tenants, upon termination of their verbal month to month tenancy, had a duty to restore the leased premises. The trial court concluded there was not such an obligation.

We think plaintiff's contention, in the alternative, that (1) there was an express agreement to restore, or (2) the tenants had an implied obligation to restore the premises, or (3) the alterations constituted legal waste, are without merit either in law or in fact.

It is clear that there was no express agreement to restore the premises at the end of the term. Even though not specifically found by the trial court, the evidence is uncontradicted and all parties agree that on January 15, 1960, Dr. Darrow brought a declaratory action seeking to have the court declare the proposed written lease in effect, but the trial court, in that case, determined:

"* * * that there is no written lease between plaintiff (Dr. Darrow) and defendant (plaintiff here) covering the premises which are the subject of this action; * * *, and that the plaintiff is occupying said premises under an oral month to month lease."

■■ As between plaintiff and Dr. Darrow the declaratory judgment is res judi-

cata. Costilla Estates Development Co. v. Mascarenas, 33 N.M. 356, 267 P. 74; First National Bank of Albuquerque v. Town of Tome, 23 N.M. 255, 167 P. 733; Town of Atrisco v. Monohan, 56 N.M. 70, 240 P.2d 216. See also, Metzger v. Ellis, 65 N.M. 347, 337 P.2d 609, and Kerley v. Kerley, 69 N.M. 291, 366 P.2d 141. Even though Dr. Bosenberg was not a party to nor bound by the judgment, all parties agree that the negotiations were only for a single lease and that he likewise had only a verbal month to month tenancy.

The portion of the lease negotiations by which the doctors were permitted to remodel and were to restore at the end of the term, was a part of the discussion which failed to result in the proposed written lease, and failed along with all other parts of the proposed agreement.

■ When the minds of the parties have not met on any part or provision of a proposed contract, all of its portions are a nullity. Compania Bilbania de Navegacion de Bilbao v. Spanish-American Co., 146 U.S. 483, 13 S.Ct. 142, 36 L.Ed. 1054; Orient Mid-East Great Lakes Serv. v. International Export L. (C.C.A. 4, 1963) 315 F. 2d 519, 522. See also, Alaska Creamery Products, Inc. v. Wells (Alaska), 373 P.2d 505, 510; A. S. & W. Club v. Drobnick, 26 Ill.2d 521, 187 N.E.2d 247; West v. Downer, 218 Ga. 235, 127 S.E.2d 359, 364, where the

importance of a meeting of the minds was emphasized. A party may not take that portion of a proposed agreement which suits him and reject the remainder. Ventura Consolidated Oil Fields v. Rogan (C. C.A. 9), 86 F.2d 149; De Vries v. Evening Journal Ass'n, 9 N.J. 117, 87 A.2d 317. See Gatling v. Goodgame, 209 Ark. 867, 192 S.W.2d 878.

■ It is not contradicted that the lessor knew that the apartments were being remodeled and made no protest. Alterations to a building made with the lessor's knowledge and without objection must be taken to have been consented to by the landlord. Walker v. Rednalloh Co., 299 Mass. 591, 13 N.E.2d 394; Pfister & Vogel Co. v. Fitzpatrick Shoe Co., 197 Mass. 277, 278, 83 N.E. 878.

■ The cases generally hold that where, as here, the alterations were made with the landlord's knowledge and implied consent, the tenant has no implied obligation to restore the leased premises at the end of the term. McKenzie v. Western Greenbrier Bank (W. Va.), 124 S.E.2d 234; Savage v. University State Bank, 263 Ill. App. 457; Arkansas Fuel Oil Co. v. Connellee (Tex.Civ.App.) 39 S.W.2d 99; Civic Realty Co. v. New York Tel. Co., 16 Misc. 2d 660, 190 N.Y.S.2d 3; Durante v. Consumers Filling Station Co. of Cheyenne, 71 Wyo. 271, 257 P.2d 347.

■ Plaintiff asserts that the alterations render the premises unfit for the purpose for which they were formerly used and that such alterations therefore constitute legal waste for which she is entitled to damages. We find the contention to be without merit. Furthermore, it is not the tenants' refusal to restore that results in legal waste. If such waste could be found, it would have been complete at the time unauthorized alterations were made. F. W. Woolworth Co. v. Nelson, 204 Ala. 172, 85 So. 449, 13 A.L.R. 820. But an action for waste cannot be sustained where a permission by the landlord to alter or change the building is found either in the terms of the lease or is to be implied from the circumstances. 4 Thompson, Real Property, § 1615. See also, Pearson v. Sullivan, 209 Mich. 306, 176 N.W. 597, 9 A.L.R. 438. The doctrine of legal waste by unauthorized alterations is clearly inapplicable in view of what has been said regarding the landlord's knowledge of and her implied consent to such alterations.

■ Finally, plaintiff seriously argues that there was not and there never had been a lease with either of the doctors, and that the trial court's finding that plaintiff breached a lease is without substantial support in the evidence. We agree but, as was said by Justice Zinn in Lopez v. Townsend, 42 N.M. 601, 82 P.2d 921, 934:

" * * * the trial court reached the correct result even though it did so by pursuing a false issue. The error, if any, in so doing does not harm the defendant."

And, in the language of the Territorial Supreme Court in Lockhart v. Wills, 9 N.M. 344, 54 P. 336, affirmed by the United States Supreme Court in Lockhart v. Johnson, 181 U.S. 516, 21 S.Ct. 665, 45 L.Ed. 979:

"The assigning of a wrong reason for an act by the court below is not error if the act done was, in law, right."

To the same effect, see Trauer v. Meyers, 19 N.M. 490, 147 P. 458; In re Englehart's Estate, 17 N.M. 299, 128 P. 67, 45 L.R.A., N.S., 237, Ann.Cas.1915A 54; State Trust and Sav. Bank v. Hermosa Land and Cattle Co., 30 N.M. 566, 240 P. 469, 477. A judgment will not be reversed because of harmless error. Wiggs v. City of Albuquerque, 57 N.M. 770, 263 P.2d 963.

■ It is true that the trial court made no findings of fact regarding either the declaratory judgment or the knowledge of, nor whether there were objections to the alterations. We have, however, pointed out that the evidence in regard thereto is uncontradicted and that all parties agree that the oral negotiations never resulted in the proposed long term lease; that plaintiff had

actual knowledge that the alterations were being made and made no protest thereto; and that there was only an oral month to month tenancy. Their only disagreement involves the legal principles applicable to the agreed facts. We said, in Boswell v. Rio de Oro Uranimum Mines, Inc., 68 N.M. 457, 362 P.2d 991, that an exception to Rule 52(B) (§ 21-1-1 (52) (B), N.M.S.A.1953) of the rules of civil procedure, does not require a remand to the trial court to supply missing facts if such fact required to support the judgment is either documentary or appears undisputed in the record; and, that under such circumstances it may be supplied by us without remand. In the instant case, the required facts to support the conclusion of law upon which the judgment of the lower court is affirmed, do not depend upon "factual questions raised by conflicting evidence" or where the credibility of witnesses is involved, as in Jontz v. Alder-etc, 64 N.M. 163, 326 P.2d 95. In this instance, the facts not being in dispute, we supply them.

Finding no error requiring reversal, the judgment appealed from is affirmed. It is so ordered.

CHAVEZ and MOISE, JJ., concur.