This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**TOMMY and VICKI SPRINGER,**

    Plaintiffs-Appellants,

v.                              **NO. 28,749**

**TERRI SODD,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

William N. Griffin
Ruidoso, NM

for Appellants

H. John Underwood, Ltd.
Zachary J. Cook
Ruidoso, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

    Appellants contend that the district court erred in determining that their claims

for breach of contract, attorney fees, and violations of the New Mexico Subdivision Act (Subdivision Act) are barred by the doctrine of res judicata and the principles of claim preclusion. Specifically, they argue that they were not required to bring their additional claims for breach of contract, attorney fees, and violations of the Subdivision Act in their prior action for declaratory judgment against Appellee. We disagree and affirm the district court.

**Claim Preclusion**

"We review de novo a district court's application of claim preclusion." *Moffat v. Branch,* 2005-NMCA-103, ¶ 10, 138 N.M. 224, 118 P.3d 732. Four elements must be met for claim preclusion to bar a claim. The two actions (1) must involve the same parties or their privies, (2) who are acting in the same capacity or character, (3) regarding the same subject matter, and (4) must involve the same claim." *Id.* ¶ 11. "Res judicata bars not only claims that were raised in the prior proceeding, but also claims that could have been raised." *City of Sunland Park v. Macias*, 2003-NMCA-098, ¶ 18, 134 N.M. 216, 75 P.3d 816.

Appellants' present complaint (CV-07-235) was filed in 2007 and alleged that Appellee's action in filing an amended easement violated NMSA 1978, Sections 47-6-3(A)(2) (1995) and 47-6-17(B)(8) (1995) of the Subdivision Act and breached the parties' original purchase agreement and easement conditions set forth in their special

warranty deed. As a result, Appellants asserted that they were entitled to recover economic damages, attorney fees, and costs from Appellee. Appellants were previously successful in their 2005 lawsuit (CV-05-247) seeking only a declaratory judgment against Appellee regarding the same amended easement. None of Appellants' 2007 claims were recognized as formal claims plead against Appellee in the 2005 lawsuit, and any relief requested regarding these un-plead claims was not granted by the district court in the 2005 lawsuit.

Based upon the arguments presented in this case, Appellants do not dispute that the first two elements of claim preclusion have been met. The third element, regarding the subject matter being the same in both lawsuits, was also satisfied because it is undisputed that both suits concern the legitimacy of Appellee's 2002 attempt to unilaterally amend the easement in order to reserve it for Appellee's exclusive use. Appellants argue that the fourth element has not been met because the first lawsuit for declaratory judgment and the second lawsuit for breach of contract or violations of the Subdivision Act were not the "same claim" under the doctrine of claim preclusion and res judicata. Appellants also argue that a special exception should be recognized regarding the application of the claim preclusion doctrine, specifically under the narrow circumstance where the first lawsuit was solely for declaratory relief to determine pre-existing rights of the parties.

3

We apply a transactional approach to determine whether two issues constitute the "same claim" for the purposes of res judicata. *See Computer One, Inc. v. Grisham & Lawless, P.A.*, 2008-NMSC-038, ¶ 31, 144 N.M. 424, 188 P.3d 1175 (confirming the adoption of the Restatement (Second) of Judgments §§ 24, 25 (1980), which applies the transactional approach to claim preclusion); *see also Moffat,* 2005-NMCA-103, ¶ 17 (recognizing that "[f]ederal law and New Mexico law both look to Restatement § 24 to evaluate what constitutes the same claim for purposes of claim preclusion"). Under the transactional approach, we are directed to make a pragmatic assessment of the transaction and disregard the specific legal theories or claims. *Moffat,* 2005-NMCA-103, ¶ 17. Claim preclusion applies if the transaction can be described as "a natural grouping or common nucleus of operative facts." *Id.* (internal quotation marks and citation omitted). "In making a determination of whether a prior action involves the same transaction, we perform a three-step analysis: (1) we assess the relatedness of the facts in time, space, origin, or motivation; (2) we determine whether the facts, taken together, form a convenient unit for trial purposes; and (3) we consider whether the treatment of the facts as a single unit conforms to the parties' expectations or business understanding or usage." *Id.* ¶ 18 (internal quotation marks and citation omitted).

In this case, the claims at issue involve highly interrelated facts. Both the action

for declaratory judgment and the claims for breach of contract and violations of the Subdivision Act arose from the original sale of the property and Appellee's subsequent attempt to amend the easement to the property. However, we understand Appellants to argue that the coercive damage claims do not form a convenient unit for trial because the breach of contract and Subdivision Act claims were not ripe until after the district court ruled in its favor in the original declaratory judgment action. We disagree. *See Lamonica v. Bosenberg*, 73 N.M. 452, 454-55, 389 P.2d 216, 217 (1964) (noting that the doctrine of res judicata applied in a second damages lawsuit after a declaratory judgment determination was made in a previous lawsuit).

This is not a future claim that factually arose after Appellants received their declaratory judgment decision. The nucleus of the entire controversy arose from the 1998 purchase of the property and Appellee's attempt to amend the easement in 2002. All of the operative facts were in place prior to the 2005 lawsuit. Appellants even concede that they could have joined all their coercive claims for relief and damages in the 2005 lawsuit. We are aware of no authority that would preclude a party from asserting their existing claims for damages in an action for declaratory relief. *See Sunwest Bank v. Clovis IV*, 106 N.M. 149, 154, 740 P.2d. 699, 704 (1987) (stating that the district court may properly grant declaratory and non-declaratory relief in the same action where the relief is requested in the pleadings by the parties). Res judicata

"reflects the expectation that parties who are given the capacity to present their entire controversies shall in fact do so." *Apodaca v. AAA Gas Co.*, 2003-NMCA-085, ¶ 81, 134 N.M. 77, 73 P.3d 215 (internal quotation marks and citation omitted). As a result, we are of the opinion that Appellants should have asserted their coercive claims for breach of contract and violations of the Subdivision Act in the 2005 litigation because they arose from the same nucleus of facts arising prior to 2005.

Additionally, Appellants' approach was highly inconvenient for Appellee who has appeared in multiple proceedings regarding the same 2002 amendment to the easement. Appellants' voluntary decision to split their claims also unnecessarily burdened the district court, in violation of the strong policies favoring judicial economy and the promotion of reliance on final decisions. *See Myers v. Olson*, 100 N.M. 745, 747, 676 P.2d 822, 824 (1984) ("The rationale for the application of res judicata generally is to protect individuals from the burden of litigating multiple lawsuits, to promote judicial economy, and to promote the policy favoring reliance on final judgments by minimizing the possibility of inconsistent decisions."). These policies are especially critical under the transactional approach where the factual claims at issue involved the same pre-2005 evidence. Appellee was justified in forming a reasonable expectation that all disputes regarding the 2002 amended easement would be factually resolved in the 2005 lawsuit. As a result, the

6

transactional approach was appropriately applied to this dispute, and the district court's dismissal of Appellants' coercive damage claims alleged in the 2007 lawsuit was proper.

Appellants' second argument regarding claim preclusion involves the issue of whether New Mexico recognizes a special exception to the formal application of the claim preclusion doctrine. Appellants argue that under the narrow circumstance where a declaratory judgment lawsuit has been filed solely to determine the pre-existing rights of the parties, claim preclusion should not apply when the prevailing plaintiff waits to file his new claims for coercive relief and damages after his affirmative rights have been established in the first lawsuit. Appellants assert that because an action for declaratory judgment merely defines the legal rights of the parties, a subsequent action to later enforce the rights legally recognized in the first lawsuit should not be precluded.

In this case, Appellants' position is flawed for several reasons. First, Appellants formally made an effort to assert their pre-2005 coercive claims in the 2005 declaratory judgment lawsuit, but failed to seek an amendment to the pleadings to add these new claims. Second, the district court formally addressed Appellants' claim for attorney fees in the 2005 declaratory judgment lawsuit and denied the award of attorney fees incurred in that lawsuit. If Appellants litigated whether attorney fees

might be recoverable in the first lawsuit, they cannot relitigate this issue in a second lawsuit and are barred under the doctrine of res judicata. *See Computer One, Inc.*, 2008-NMSC-038, ¶¶ 32-33 (barring relitigation of the charging lien on any other basis in subsequent proceedings). Finally, New Mexico relies upon the Restatement (Second) of Judgments for determining the application of the transactional approach to claim preclusion. *Three Rivers Land Co. v. Maddoux*, 98 N.M. 690, 694, 652 P.2d 240, 244 (1982) (recognizing the Supreme Court's adoption of the rules contained in the Restatement (Second) of Judgments for guidance in deciding what constitutes a cause of action for res judicata purposes), *overruled on other grounds by Universal Life Church v. Coxon*, 105 N.M. 57, 728 P.2d 467 (1986).

Appellants do not seek to enforce the rights declared in the 2005 declaratory judgment lawsuit, allowing them to use the original easement to their property. No claim was made that Appellee was denying Appellants the use of the original easement to their property after the 2005 lawsuit was over. Instead, Appellants only seek to litigate their other causes of action for relief and damages arising from Appellee's wrongful attempt to amend the easement in 2002. We reject Appellants' assertion that their second lawsuit was an attempt to enforce their newly defined legal rights established in declaratory judgment lawsuit. In reality, the second lawsuit was an attempt to litigate additional causes of action that were ripe for determination in the

2005 declaratory judgment lawsuit, but Appellants neglected to file these claims until after the 2005 lawsuit was completed. As a result, Appellants' new causes of action fit squarely within the limitations covered under the transactional approach for res judicata.

According to the docketing statement and briefs, Appellants sought recovery of their attorney fees in the 2005 lawsuit for declaratory judgment under a provision of the Subdivision Act, but were not successful. Appellants then made a written demand on Appellee for recovery of these attorney fees incurred in the first lawsuit. When Appellee failed to respond, Appellants then filed the 2007 lawsuit in an attempt to recover attorney fees incurred in the 2005 declaratory judgment action under new legal theories.

Appellants' claim for attorney fees incurred in the 2005 declaratory judgment lawsuit was barred by res judicata. The only difference between Appellants' claim for attorney fees in the prior action and its claim in the present action is the legal theory under which recovery is sought. *See Cagan v. Vill. of Angel Fire*, 2005-NMCA-059, ¶ 25, 137 N.M. 570, 113 P.3d 393 (applying the doctrine of res judicata where the only difference between the first claim and the second claim was the legal theory asserted). Appellants also brought the land purchase agreement before the district court in their attempt to recover attorney fees in the declaratory judgment lawsuit.

Appellants asserted their land purchase agreement as a basis for recovery of their attorney fees in the 2005 lawsuit but failed to amend their pleadings to support such a claim. Had such a claim been properly asserted, authority exists to support such an award of attorney fees. *See Miller v. Johnson*, 1998-NMCA-059, ¶ 34, 125 N.M. 175, 958 P.2d 745 (affirming the district court's award of attorney fees against the losing party in an action for declaratory judgment and injunctive relief based on a real estate contract). As a result, Appellants' claims for attorney fees incurred in the 2005 declaratory judgment lawsuit are now barred by the doctrine of res judicata.

Finally, the Restatement (Second) of Judgments has not recognized this specific exception to claim preclusion and would not allow for such an exception to be applied under these circumstances. *See* Restatement (Second) of Judgments § 26 (1982). Appellants do not rely upon the Restatement to support their position in this case. Having adopted the Restatement's application of the doctrine of res judicata, our Supreme Court has established the legal basis for determining how to apply the claim preclusion doctrine in New Mexico. *See Aguilera v. Palm Harbor Homes, Inc.*, 2002-NMSC-029, ¶ 6, 132 N.M. 715, 54 P.3d 993 (explaining that the Court of Appeals is bound by Supreme Court precedent).

Appellants have cited to several older authorities from other jurisdictions and an article that support their argument to add a new exception to the application of the

claim preclusion doctrine for res judicata. *See* E.H. Schopler, *Extent to Which Principles of Res Judicata are Applicable to Judgments in Actions for Declaratory Relief*, 10 A.L.R.2d 782, § 3(a) (1950); *see also Valley Oil Co. v. City of Garland*, 499 S.W.2d 333, 335 (Tex. App. 1973) (determining that a judgment granting only declaratory relief does not bar a subsequent application for coercive relief unless that application was considered and denied in the original proceeding); *Lortz v. Connell*, 78 Cal. Rptr. 6, 15 (Ct. App. 1969) (recognizing an exception to the doctrine of res judicata where a declaratory judgment lawsuit has been filed solely to determine the pre-existing rights of the parties and a plaintiff waits to file its coercive claims for relief and damages in a second lawsuit after its affirmative rights have been determined to exist). However, this additional exception was not recognized by the more recent publication of the Restatement or by any New Mexico authority submitted by Appellants. As a result, we reject the Appellants' argument that the Restatement should not be applied, and that a new exception to the doctrine of claim preclusion should be recognized for certain declaratory judgment cases arising in New Mexico.

**CONCLUSION**

For the foregoing reasons, we affirm the district court's decision to grant Appellee's motion to dismiss Appellants' new claims filed in this lawsuit.

**IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**LINDA M. VANZI, Judge**